STATE OF TENNESSEE ex rel. JAMES H. HALL,
Plaintiff in Error,

*v.*

JAMES E. MEADOWS, Acting Warden, Tennessee State
Penitentiary, Defendant in Error.

389 S.W.2d 256.

(*Nashville,* December Term, 1964.)

Opinion filed April 7, 1965.

James R. Omer, Nashville, for plaintiff in error.

George F. McCanless, Attorney General, William H. Lassiter, Jr., Assistant Attorney General, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

Plaintiff in error, who is presently confined in the Tennessee State Penitentiary at Nashville, filed a petition for the writ of habeas corpus against the defendant in error, James E. Meadows, then Acting Warden of the said Penitentiary, in the Criminal Court of Davidson County, Tennessee.

From the judgment of the court dismissing the petition, plaintiff in error has appealed and upon application here, the Honorable James R. Omer, of the Nashville Bar, has been appointed to represent him.

Mr. Omer is to be commended for his efforts on behalf of the petitioner. Mr. Paul Couch, also of the Nashville Bar, represented the petitioner in a commendable manner in the lower, court, but was relieved from further representation on order of the judge there.

The original petition filed on August 5, 1964, in the handwriting of Hall said:

"That petitioner was tried in the Honorable Criminal Court of Lauderdale County by the Honorable Judge Walker on the 9th day of February, 1956 where petitioner entered a plea of guilty and was found guilty and sentenced to four to fifteen years in the Tennessee State Prison."

It can be seen from what the petitioner says in his own handwriting, that he is guilty as charged. Despite this statement from him, which was sworn to, he contends that he did not have a fair trial because he was brought into court wearing handcuffs and leg shackles in full view of the jury during his trial.

Exhibit B to the answer is a photostat of a letter from Mark A. Walker, a distinguished trial judge, and his letter states:

"I do not recall any case in Ripley and I am sure that there have been none where the defendant's punishment has been fixed by a jury and he sentenced while wearing either handcuffs or leg shackles. If that had been done in this case, I think that I would have remembered it. I have no independent recollection of this case at this time, however.

"Since this prisoner escaped from the Penal Farm I think that it is likely that he was brought from there to Ripley in handcuffs. It is 18 or 20 miles away. The officers are very good about removing handcuffs when prisoners are brought into the court room. If any have been brought from the Penal Farm to Ripley in leg shackles I believe that they have been removed before they reached the court room because I do not remember seeing shackles."

There is a letter in the record from William D. Grugett, Assistant District Attorney General at the time of the trial of the petitioner, the District Attorney General having since died, and in this letter he says:

"To the best of my knowledge and recollection, no one was ever brought into the courtroom wearing leg shackles.

"I might also state to you that this defendant entered a guilty plea and accepted his attorney's recommendation as to the sentence. I am certain that none of the constitutional rights of this defendant were violated during this trial in the Lauderdale County Criminal Court."

Exhibit C to the answer is a letter from John R. Tucker, attorney, now of Memphis, who was appointed by Judge Walker to represent this indigent defendant. In this letter he says:

"I wish to state that in the years that I practiced in Ripley, Tennessee, in the courts of law there, I have never known a man to be shackled and bound while he was being sentenced by a jury. Judge Mark Walker has always conducted a proper court, and I am sure that he would never allow this to happen in his court under any condition."

In the present proceeding the court held:

"This cause came on to be heard on the 25th day of September, 1964, * * * upon the petition for the writ of habeas corpus filed by the petitioner James H. Hall, the amendment to the petition, and the amended answer thereto, filed on behalf of the defendant James E. Meadows, Acting Warden, the petitioner being present in court and represented by counsel, and after a full and complete hearing the Court is of the opinion that there is no merit in the petition, either in fact or in law, and the same should be dismissed and denied."

Therefore, upon a full evidentiary hearing this petition was dismissed as not being sustainable either in law or in fact.

This petitioner who now complains that his constitutional rights having been violated, of which he offers no evidence in support thereof, apparently has given little, if any, consideration to the constitutional rights of others to be safe in their property, their homes and their businesses. He has a long record of law violation.

On *September 13, 1951* he was transferred to the State Penitentiary at Nashville from the State Training and Agricultural School for Boys. He had been sentenced to serve 3 years for the crime of grand larceny by the Criminal Court of Shelby County on *February 19, 1951*. He escaped from confinement during the serving of this sentence, but it did expire on *May 25, 1953*. However, 9 months good and honor time was taken from him on *July 23, 1952* for an attempt to escape from the Fort Pillow State Farm, having been transferred there from the Prison at Nashville on February 26, 1952. The expiration date of his sentence was then changed to *February 25, 1954.*

On *August 16, 1953* he escaped from Fort Pillow, but was returned on July 21, 1954. This extended the expiration date of his sentence to *January 30, 1955*. He received an additional sentence of 1 to 3 years for this escape, the sentence being imposed on *October 17, 1954* by the Criminal Court of Lauderdale County, and this sentence to commence at the expiration of his prior sentence, making the date of expiration of this sentence *January 30, 1957*.

He escaped again on *October 17, 1955* and remained at large only 2 days, which, of course, were taken from him extending his expiration date to *February 1, 1957*.

On February 9, 1956 he received additional sentences of 3 to 10 years for burglary in the third degree, and 1 to 5 years for escaping from the Penitentiary. The 3 to 10 year sentence was to run concurrently with any sentences previously imposed. The 1 to 5 year sentence was to begin at the expiration of the 3 to 10 year sentence, this made a total of 4 to 15 years to run concurrently and absorbed the original sentence of 3 years under the Shelby

County conviction, and the sentence of 1 to 3 years for escaping from Lauderdale County.

The result is that the sentence of from 4 to 15 years made this prisoner eligible for parole on *September 9, 1958* and his sentence expired with good and honor time granted on *September 9, 1964.*

His record at the Penitentiary, which is part of the record in this case, clearly shows that he was

"* * * transferred to Brushy Mountain Prison, 9-22-56 and was Paroled May 15, 1958, he was declared delinquent June 19, 1958, returned as a parole violator September 2, 1958 with a new sentence of (3) three years for Burglary 3rd. degree imposed by Shelby County 8-20-58, lost 3 mos. & 17 days on parole and by orders of Parole Board and Code Section 40-3620 T.C.A. has to begin this sentence at expiration of old sentence, old expiration was 9-9-64 plus 3 mos. & 17 days lost on parole made old sentence expire *12-26-64* and new 3 yr. sentence begin, this gives him an expiration date of *12-26-66.*"

From the recitation of his record, as aforesaid, it is plain that the judgment about which he now complains as being void cannot be attacked for the reason that he has served this sentence and it expired on *September 9, 1964,* or certainly by *December 26, 1964* if he is to be charged with having lost about four months while on parole. Of course, whether this last four months is to be considered is immaterial because in either event the sentence imposed upon him in the Criminal Court of Lauderdale County has expired and he is now being confined because of the judgment of the Criminal Court of Shelby County, and such sentence will not expire until *December 26, 1966.*

■ In the case of *State ex rel. Dickens, et al. v. Bomar,* 214 Tenn. 493, 381 S.W.2d 287 (1964), it was held that the office of the writ of habeas corpus may not be made to perform the function of the writ of error and it is available only when the judgment assailed is void, or when the term of imprisonment has expired.

In that case the petitioners were serving concurrent sentences for different crimes and would remain confined in the penitentiary even though the challenged conviction were set aside. The same situation is true in the case at bar as we see it.

■ However, upon the facts of this case fully developed at the hearing on this petition, in which the petitioner was represented by counsel appointed by the court, the petition was found to be without merit. This finding, of course, is conclusive against the petitioner upon the questions of fact in this case unless, of course, we are able to find that the evidence preponderates against the judgment of the court, which we cannot so find in this case.

■ ■ Whether a prisoner should be shackled or handcuffed during a criminal prosecution must be left to the sound discretion of the trial judge and unless that discretion is abused, it will not be disturbed on appeal. *Matthews v. State,* 77 Tenn. 128 (1882); *Poe v. State,* 78 Tenn. 673, 677 (1882).

In the Matthews case it was said a prisoner

"* * * should not, during his trial, be manacled or handcuffed; but should be left free from shackles, unless some such restraint should be necessary to prevent escape." 77 Tenn. at 130.

The record shows that this petitioner had a record of prior escapes from confinement.

■ The petitioner also contends that he was not adequately represented by counsel and that he was not given an opportunity to prepare for his defense. He was represented by counsel appointed by the court. It must also be remembered that Hall did not go to trial but chose instead to enter a plea of guilty. We find that these charges made in the original petition for the writ of habeas corpus are without merit.

■ The assignments of error here are that the trial court erred in relieving counsel for petitioner of his duty upon dismissing the petition without making provisions for a bill of exceptions to be included in the record on appeal.

■ In regard to the right of this petitioner to have the State prepare and furnish to him a bill of exceptions in his appeal here, the obvious answer is that this is not a criminal proceeding, but is a civil one and, therefore, the laws surrounding the protection of constitutional rights in criminal cases have no application. Nowhere in the law has it ever been held that a petitioner in a habeas corpus proceeding is entitled to have furnished to him, without cost, the record developed at the hearing upon the petition for the writ. No authority is cited in the brief in support of the assignment that the court erred in failing to have prepared for the petitioner a bill of exceptions, and we do not think that any could be found. We know of none.

■ It has been repeatedly held that a habeas corpus proceeding is a civil proceeding and constitutional right to counsel guaranteed by the State and Federal Constitu-

tions has no application. In *Barker v. State of Ohio,* 330 F.2d 594, C.A.6th (1964), the court said:

"* * * right to counsel in criminal prosecutions provided by the Sixth Amendment does not apply to an application for a writ of habeas corpus, which is a civil proceeding. *Collins v. Heinze,* 217 F.2d 62, C.A.9th, cert. denied, 349 U.S. 940, 75 S.Ct. 786, 99 L.Ed. 1268; *Dorsey v. Gill,* 80 U.S. App.D.C. 9, 148 F.2d 857, 877, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003; *Graeber v. Schneckloth,* 241 F.2d 710, C.A.9th; *Stidham v. United States,* 170 F.2d 294, 297, C.A. 8th. See also: *Gilpin v. United States,* 265 F.2d 203, 204, C.A.6th; *McCartney v. United States,* 311 F.2d 475, C.A. 7th, cert. denied, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068; *Crowe v. United States,* 175 F.2d 799, 801, C.A. 4th, cert. denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, rehearing denied, 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341; *Richardson v. United States,* 199 F.2d 333, 335, C.A.10th."

For all of the foregoing reasons, the action of the lower court in dismissing this petition because "there is no merit in the petition, either in fact or in law," is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, HOLMES and CHATTIN, JUSTICES, concur.