IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY 1997 SESSION



**FILED**

**July 11, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| HENRY B. WAGGONER, | * | C.C.A. # 01C01-9604-CC-00142 |
| | * | |
| Appellant, | * | HICKMAN COUNTY |
| VS. | * | |
| | * | Hon. Donald P. Harris, Judge |
| STATE OF TENNESSEE, | * | |
| | * | (Habeas Corpus) |
| Appellee. | * | |
| | * | |

For Appellant:

Henry B. Waggoner
Pro Se
DeBerry Special Needs Facility
7575 Cockrill Bend Ind. Road
Nashville, TN 37243

For Appellee:

Charles W. Burson
Attorney General & Reporter

William David Bridgers
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493
(on appeal)

Robin L. Harris
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner appeals the trial court's denial of his petition for writ of habeas corpus. There was no evidentiary hearing. The single issue presented for review is whether the dismissal was appropriate.

We affirm the judgment of the trial court.

The petitioner was convicted of second degree murder in 1976 and sentenced to a term of one hundred ninety-nine years. This court affirmed the conviction. Hawkins and Waggoner v. State, 555 S.W.2d 876 (Tenn. Crim. App. 1977). The petitioner filed this petition for writ of habeas corpus in December of 1995. The trial court dismissed the petition for habeas corpus relief on January 13, 1996, holding that the facts alleged in the petition, taken as true, would not entitle the petitioner to habeas corpus relief. The state filed a motion to dismiss two weeks after the ruling.

The petitioner first claims he "has been seriously prejudiced" because the state's motion to dismiss had been added to the record without any opportunity for his response. Next, the petitioner contends there were two constitutional violations: ineffective assistance of counsel and an unconstitutional jury instruction on "reasonable doubt." Lastly, he complains that he has no constitutional remedy now that his post-conviction statute of limitations has expired.

Initially, the late filing of the state's response has no bearing on the merits of the petition. Moreover, habeas corpus relief in this state is limited in scope. The writ of habeas corpus, codified at Tenn. Code Ann. §§ 29-21-101 to -130, will issue only in the case of a void judgment or to free a prisoner held in

2

custody after his term of imprisonment has expired. <u>State ex rel. Hall v. Meadows</u>, 389 S.W.2d 256, 259 (Tenn. 1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest void, and not merely voidable, judgments. <u>See</u> <u>State ex rel. Newsom v. Henderson</u>, 424 S.W.2d 186, 189 (Tenn. 1968). "A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding." <u>Potts v. State</u>, 833 S.W.2d 60, 62 (Tenn. 1992). The denial of a constitutional right makes a judgment voidable and not void, "unless the face of the record established that the trial court did not have jurisdiction." <u>Passarella v. State</u>, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A post-conviction petition would have been the only possible alternative for relief.

Finally, Tennessee Code Annotated section 29-21-109 provides as follows:

> If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused, the reasons for such refusal being briefly endorsed upon the petition, or appended thereto.

When a trial court reviews a petition for habeas corpus relief and assumes all the facts the petitioner alleges are true, if there is still no ground for state habeas corpus relief under the statute, it is correct for the court to dismiss the petition. <u>See</u> <u>Byrd v. Bomar</u>, 381 S.W.2d 280, 283 (Tenn. 1964). This procedure does not violate the petitioner's right to due process even if no state remedy is available.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

3

CONCUR:

4

_____

David G. Hayes, Judge


_____

Curwood Witt, Jr., Judge