# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1998 SESSION

**FILED**

**October 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **MICHAEL E. BASS**, | ) | No. 01C01-9802-CC-00066 |
| | ) | |
| Appellant | ) | |
| | ) | Hickman County |
| vs. | ) | |
| | ) | Honorable Donald P. Harris, Judge |
| **STATE OF TENNESSEE,** | ) | |
| | ) | (Habeas Corpus) |
| Appellee. | ) | |

FOR THE APPELLANT:

MICHAEL E. BASS
(Pro Se)
Turney Center Industrial Prison
Route 1
Only, TN 37140-9709

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
Criminal Justice Division
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

JOSEPH D. BAUGH, JR.
District Attorney General
P.O. Box 937
Franklin, TN 37065-1469

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT
JUDGE

**OPINION**

The petitioner, Michael E. Bass, appeals the trial court's denial of his petition for a writ of habeas corpus. The trial court did not appoint counsel and dismissed the petition without an evidentiary hearing. In this appeal, the petitioner contends that although he was convicted and sentenced in 1981, the provisions of the 1989 Sentencing Reform Act apply and his sentence has expired. We affirm the judgment of the trial court.

The record does not include the original judgment. The pleadings indicate that the petitioner was convicted of second-degree murder, a Class X felony, on January 8, 1981. The petitioner received a life sentence. This court affirmed his conviction and sentence in State v. Michael E. Bass, No. 82-198-III (Tenn. Crim. App., Nashville, July 8, 1983). In 1982 and again in 1989, the state legislature made wide-ranging changes to the sentencing laws. In November, 1997, the petitioner filed this petition for writ of habeas corpus asserting that

(1)     the legislature has mandated the application of the 1982 and 1989 sentencing reform acts to his sentences,

(2)     his constitutional rights to equal protection and due process require the application of the 1989 Criminal Sentencing Reform Act to his sentence, and

(3)     the passage of a more lenient sentencing structure without extending its provisions to those who were sentenced under harsher standards results in cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

The trial court dismissed his petition without a hearing on December 12, 1997. In a thoughtful and thorough memorandum of law, the trial judge found that the 1989 Act did not affect penalties imposed before the Act's effective date, that section 39-11-112 has no bearing on the petitioner's sentence, that the state has a legitimate interest in the finality of criminal convictions, and that the exclusion of those sentenced prior to 1982 from the Act's provisions has a reasonable relationship to a legitimate state interest. We agree.

2

The petitioner's position stems from the fact that pursuant to the 1989 Act, the sentencing range for a Range I offender convicted of second-degree murder is not less than fifteen (15) nor more than twenty-five (25) years. Tenn. Code Ann. § 40-35-112(a)(1) (1997).[1] In 1981, the petitioner, a first-time offender, was sentenced to life imprisonment and because second-degree murder was defined as a Class X felony, his sentence is not subject to reduction "for good, honor or incentive or other sentence credits of any sort." Tenn. Code Ann. § 39-5403 (Supp. 1979) (repealed 1982). The petitioner contends that he has served in excess of eighteen years as a model prisoner, and, therefore, under current sentencing law, he is entitled to immediate release.[2]

First, we must point out that in this state the remedy of habeas corpus is very limited in scope. The writ, as codified at Tennessee Code Annotated sections 29-21-101 to -130, will issue only in the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. State ex rel. Hall v. Meadows, 215 Tenn. 668, 675, 389 S.W.2d 256, 259 (Tenn. 1965). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993). Habeas corpus relief is available only when it appears on the face of the judgment or record of proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. Id. at 164.

In this instance, the petitioner alleges that his sentence has expired. We cannot agree. This court has previously addressed the issues the petitioner raises in this appeal. See State ex rel. Stewart v. McWherter, 857 S.W.2d 875 (Tenn. Crim. App. 1992); Jerome Sydney Barrett v. State, No. 02C01-9508-CC-

---

[1] The 1982 Act changed neither the penalty for second-degree murder nor its classification as a Class X felony. See Tenn. Code Ann. § 39-1-701 and 39-2-212 (1982) (repealed 1989).

[2] The petitioner has attached numerous letters, certificates and other documents to support his contention that his conduct has been exemplary.

00233 (Tenn. Crim. App., Jackson, Feb. 27, 1997); <u>Patrick Simpson v. State</u>, No. 01C01-9203-CR-00098 (Tenn. Crim. App., Nashville, Nov. 18, 1992). Our earlier rulings control the results in this case.

The language of Tennessee Code Annotated section 40-35-117(c) is clear: "For all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole and probation." In <u>State ex rel. Stewart</u>, this court held that the "1989 Sentencing Act provides that it applies only to those offenders who are sentenced after its effective date" on November 1, 1989. <u>State ex rel. Stewart,</u> 857 S.W.2d at 876. Although the 1989 Act benefited some offenders who committed their crimes between 1982 and 1989, the Act's provisions do not apply to the petitioner. <u>See</u> Tenn. Code Ann. § 40-35-117(b)(1997). The 1989 Act did "not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date." 1989 Tenn. Pub. Acts ch. 591, § 115. Thus the petitioner, who was convicted and sentenced prior to July 1, 1982, remains "under the prior law . . . in every respect, including, but not limited to, sentencing, parole and probation." Tenn. Code Ann. § 40-35-117(c).

Tennessee Code Annotated section 39-114 (1975), which was replaced by section 39-1-105 (1982) and later by section 39-11-112 (1989) does not require the state to reduce his sentence. The statute in effect at the time of the petitioner's conviction provided that

> Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be <u>prosecuted</u> under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

Tenn. Code Ann. § 39-114 (1975) (emphasis added). This provision applies only to those cases in which the accused is to be prosecuted under the substantive law

4

in effect at the time of the offense and a new statute, calling for a lesser punishment, is enacted before the imposition of the punishment.  State ex rel. Stewart, 857 S.W.2d at 877.  The term "prosecution" does not include enforcement of a sentence.  Barrett, No. 02C01-9508-CC-00233, slip op. at 5.  The statute is not relevant to those cases in which judgment was entered and sentence imposed prior to passage of the new law.  Id.  The 1989 statute is identical to the earlier law except that it contains an additional clause excluding from its provisions those convicted of offenses before July 1, 1982.[3]  Therefore, even if the statute allowed for the reduction of a previously imposed sentence in some cases, it would not grant relief to this petitioner.  The petitioner is entitled to no reduction of his sentence under these statutory provisions.

Next we address the petitioner's contention that his sentence violates his rights under the constitutions of the United States and the State of Tennessee. The gist of the petitioner's constitutional argument is that his lengthier sentence denies him equal protection and due process under Article 11, section 8 of the Tennessee Constitution and the Fourteenth Amendment to the United States Constitution which prohibit legislation that provides favorable treatment to any individual or class of individuals.  Equal protection requires that all persons similarly situated must be treated alike.  State ex rel. Stewart, 857 S.W.2d at 876. Legislatures, however, may treat a class of persons differently so long as the classification has a reasonable relationship to a legitimate state interest.  Doe v. Norris, 751 S.W.2d 834, 841 (Tenn. 1988). In State ex rel. Stewart, this court found that the state has a legitimate interest in preserving the finality of criminal judgments.  Reconsideration of all cases involving sentences imposed before November 1, 1989 but which are presently being served by confinement, parole or probation, would constitute opening "a virtual Pandora's box" that would disrupt the

---

[3]    The last sentence of section 39-11-112 reads: "Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act. " Tenn. Code Ann. § 39-11-112 (1997) (emphasis added).

judicial system. State ex rel. Stewart, 857 S.W.2d at 877 (quoting State ex rel. Bobby L. Crum v. Ned McWherter, No. 02C01-9108-CC-00181, slip op. at 4 (Tenn. Crim. App., Jackson, May 13, 1992)).[4] Because a reasonable relationship exists between the legislative decision to exclude those who were sentenced prior to 1982 from the provisions of the 1989 Act and society's interest in preventing a wholesale disruption of the criminal justice system, the constitutional right to equal protection and due process are not violated.

In a related argument, the petitioner asserts that the great disparity between the sentence he is currently serving and that which he would serve under the 1989 Act causes psychological torment of mind as well as of body which amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The Eighth Amendment, however, prohibits sentences that are disproportionately severe when compared to the crime committed. Solem v. Helm, 463 U.S. 277, 297, 103 S. Ct. 3001, 3011 (1983). The fact that a penalty is reduced by new legislation does not mean that the sentence under the prior law was disproportionate to the subject crime. Barrett, No. 02C01-9508-CC-00233, slip op. at 7; Patrick Simpson v. State, No. 01C01-9203-CR-00098, slip op. at 7 (Tenn. Crim. App., Nashville, Nov. 18, 1992). The petitioner has cited no authority to demonstrate that a life sentence is unconstitutionally disproportionate for the offense of second-degree murder. We have found none. See Simpson, slip op. at 7. We do not find the petitioner's sentence constitutionally infirm.

A trial court is not required to conduct an inquiry into the allegations raised in a petition for habeas corpus if the petition fails to state a cognizable claim.

---

[4] In Crum, the petitioner received a life sentence for aggravated kidnapping in January, 1982. State ex rel. Bobby L. Crum, slip op. at 2. He argued that under the 1989 act, he would be treated as a Range II, Class A offender subject to a range of punishment of twenty-five to forty years. Slip op. at 4. As we point out in Crum, determination of which classification applied and development of the evidence relevant to sentencing under the 1989 Act would require that new sentencing hearings be held in each case. We concluded that society should not be forced to undergo such a disruption of its justice system. Id.

See State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964); Tenn. Code Ann. § 29-21-109 (1980). A petitioner has the burden of establishing by a preponderance of the evidence that the judgment is void or that his term of imprisonment is expired. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

In this instance, the petitioner does not allege that the original judgment is void, and he has not alleged any facts indicating that his term of imprisonment has expired. Even if every factual allegation of his petition is taken as true, he is not entitled to habeas corpus relief. The trial court did not err by dismissing his petition without an evidentiary hearing.

We affirm the judgment of the trial court.

_____
CURWOOD WITT, Judge

CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
THOMAS T. WOODALL, Judge