# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2002

## JOHN C. TOMLINSON v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Davidson County
### No. 83-W-185     Steve R. Dozier, Judge

---

### No. M2001-02152-CCA-R3-CO - Filed June 28, 2002

---

The petitioner appeals the trial court's denial of the appointment of counsel and the dismissal of his petition for writ of habeas corpus.  For many and varied reasons, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

John C. Tomlinson, Mountain City, Tennessee, *Pro Se*.

Michael E. Moore, Solicitor General; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### PROCEDURAL BACKGROUND

We glean the following procedural information from the technical record and this court's opinion in John C. Tomlinson v. Howard Carlton, Warden, and State of Tennessee, C.C.A. No. 03C01-9610-CR-00389, 1997 Tenn. Crim. App. LEXIS 983 (Tenn. Crim. App. Oct. 2, 1997), *perm. to app. denied, concurring in results only* (Tenn. 1998) (dismissing the petitioner's first habeas corpus action).[1]

---

[1]Since the Tennessee Supreme Court denied permission to appeal "concurring in results only," we cite to this opinion only as it is "relevant to a . . . habeas corpus action involving the same defendant."  *See* Tenn. Sup. Ct. R. 4(F)(2), (3).

In April of 1983, the petitioner was convicted in Davidson County Criminal Court of aggravated kidnapping and two counts of robbery with a deadly weapon. In December of 1983, the petitioner was convicted in Wilson County Criminal Court of aggravated rape and armed robbery. The petitioner's effective sentence for these crimes was 65 years.

The petitioner filed a habeas corpus claim in Johnson County, the county of his incarceration, in 1996, apparently attacking all of his convictions; it was denied by the trial court. This court affirmed the denial of the petition on October 2, 1997. *See* <u>John C. Tomlinson</u>, <u>supra</u>.

On July 13, 2001, the petitioner filed a habeas corpus petition in Davidson County attacking his Davidson County convictions, which is the subject of this appeal. The sworn petition indicates it is the first application for writ of habeas corpus, makes no reference to the prior habeas corpus proceeding, and makes no reference to his Wilson County convictions. The petition alleged:

> The [p]etitioner is illegally restrained. . . . The judgment . . . is illegal, null and void. The [c]ourt had no jurisdiction or authority to find the [p]etitioner guilty or to impose sentence in the manner utilized.
>
> The [c]ourt failed to prepare and enter a judgment of conviction per the mandates of the Tennessee Code Annotated, § 40-35-209(e) [40-43-209(e)], Rules of the Tennessee Supreme Court, Rule 17, and the Tennessee Rules of Criminal Procedure, Rule 32(e). The indictment in the cause was invalid and failed to invest jurisdiction of the subject matter as the charging instrument was not signed by the District Attorney General.

Other than the facts alleged above, no specific facts were alleged in support of the petition.

The trial court entered an order dismissing the petition, finding:

> The petition fails to state how the convicting court lacked jurisdiction to sentence the petitioner. No facts are listed, and no legal authority is cited. In terms of the claim that the judgments were invalid, the Court has reviewed the judgments found in the Court file and finds that they are in compliance with Tenn. Code Ann. § 40-35-209(e) (1982), the version of the Criminal Sentencing Reform Act in existence at the time of the petitioner's conviction[s]. Regarding the claim about the indictment not being signed by the district attorney, this issue was addressed in the appeal of the dismissal of the petitioner's last petition for writ of habeas corpus.
> . . . .

The court would further note that contrary to his *sworn* affidavit, this is obviously not the petitioner's "first application for a writ of habeas corpus."

We agree with all findings and conclusions of the trial court.

## HABEAS CORPUS

### A. Standard of Review

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). When the petition does not demonstrate that the judgment is void, the trial court may dismiss it without a hearing. Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002); Tenn. Code Ann. § 29-21-109.

### B. Analysis

Initially, we note "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn. Code Ann. § 29-21-105. Petitioner alleges no reason for not filing in the county of his incarceration. Since the petitioner is imprisoned in Mountain City, Tennessee, he should have filed his petition in Johnson County. *See* Lewis v. Metropolitan General Sessions Court of Nashville, 949 S.W.2d 696, 700 (Tenn. Crim. App. 1996).

The petitioner contends the judgments of conviction were not entered "per the mandates" of the Code, Tennessee Supreme Court Rule 17, and Tennessee Rules of Criminal Procedure 32(e). He does not allege any specific deficiency and did not attach copies of the actual judgments of conviction. *See* Tenn. Code Ann. § 29-21-107(b)(2) (requiring the application for the writ to attach a copy of the cause of the restraint). Although petitioner did attach a document from the clerk's office summarizing the convictions, copies of the actual judgments were not attached. The trial court, taking judicial notice of the court file, noted the judgments were in compliance with the law.

Moreover, the statute requires that the application for the writ specify that "it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do." Tenn. Code Ann. § 29-21-107(b)(4). The fact that a prior petition, also addressing the subject convictions, may have been filed in a different county does not relieve a petitioner from this

requirement. This is especially true here where one of the grounds was specifically addressed in the prior habeas corpus action. Here, as noted by the trial court, petitioner falsely alleged in his sworn petition that it was his first application and made no reference to his previous petition. The mandates of the habeas corpus statutes must be "scrupulously" followed. Archer, 851 S.W.2d at 165.

Additionally, the petitioner alleged his judgments are void because the district attorney general failed to sign the indictments. As noted by the trial court, we addressed the exact issue in the appeal of petitioner's prior habeas corpus action and concluded the claim was without merit. *See* John C. Tomlinson, supra at * 6-7. Principles of *res judicata* dictate the issue not be relitigated. *See* Antonio L. Sweatt v. State, No. M1999-01300-CCA-R3-PC, 2000 Tenn. Crim. App. LEXIS 216, at *4 (Tenn. Crim. App. Mar. 6, 2000, at Nashville), *perm. to app. denied* (Tenn. 2000). The trial court properly denied the petitioner another "bite at the apple."

The petitioner primarily contends he, due his status as an indigent, was, and continues to be, entitled to appointment of counsel. There is no federal or state constitutional right to assistance of appointed counsel in a habeas corpus proceeding. *See* Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965). However, a trial court has a statutory duty to appoint counsel, but only "if necessary." Tenn. Code Ann. § 40-14-204. Although Rule 13, section 1(d)(4) of the Rules of the Supreme Court of Tennessee provides for the appointment of counsel in habeas corpus proceedings, we do not interpret the rule as requiring the appointment of counsel simply because a petition is filed. A habeas corpus petition may be dismissed without a hearing, and without appointment of counsel, unless it alleges facts that would justify relief. State ex rel. Edmondson v. Henderson, 220 Tenn. 605, 421 S.W.2d 635, 636-37 (1967); William A. Ransom v. Kevin Meyers, Warden, and State of Tennessee, C.C.A. No. 01C01-9708-CC-00328, 1998 Tenn. Crim. App. LEXIS 1108, at *9-10 (Tenn. Crim. App. Oct. 23, 1998, at Nashville), *perm. to app. denied* (Tenn. 1999).

For these reasons we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-4-