# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## GARY LYNN VERNON, PRO SE v. JIM DICKMAN, WARDEN & STATE OF TENNESSEE

### Appeal from the Circuit Court for Hickman County
### No. 03-5047C-I    Russ Heldman, Judge

### No. M2003-02268-CCA-R3-HC - Filed August 9, 2004

The Petitioner, Garry Lynn Vernon, appeals the trial court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner fails to assert a cognizable claim for which habeas corpus relief may be granted. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, joined.

Gary Lynn Vernon, pro se.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The petitioner, Gary Lynn Vernon, appeals as of right from the judgment of the Hickman County Circuit Court denying him habeas corpus relief from his 1982 convictions for two counts of assault with the intent to commit murder, for which he received consecutive life sentences, and four counts of felonious assault, for which he received concurrent 8 to 14 year sentences. The trial court dismissed his petition for a writ of habeas corpus without appointing him counsel or conducting a hearing because it concluded that the petition failed to state grounds for relief. In this appeal, the petitioner contends that the trial court erred in denying habeas corpus relief, refusing to appoint counsel, and failing to conduct a hearing. We affirm the trial court.

The petitioner asserts four claims for relief in his habeas corpus petition: (1) that the indictment was invalid for multiplicity of the same charges and violated his equal protection rights; (2) that the judge failed to charge all of the lesser included offenses; (3) that he did not commit an assault as provided by law; and (4) that his sentences were excessive and unconstitutional based on the contention that he committed only one offense.  The state responds that even if the petitioner's challenges to his convictions had merit, this would lead to voidable, not void, judgments, which are not justiciable in a habeas corpus action. *See* Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999)*;* Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the state.   The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992).  In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83(Tenn. 1999). "[W]here the allegations in a petition for writ of habeas corpus do not demonstrate that the judgment is void, a trial court may correctly dismiss the petition without a hearing."  McLaney, 59 S.W.3d at 93.  A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding.  Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963).

The Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired.  Petitioner's "multiplicity"claim and the allegation that the judge failed to charge all of the lesser included offenses do not warrant habeas corpus relief.  Even if these claims had merit, at most they would cause the conviction to be voidable, not void.  See James K. Robbins v. State, No. 03C019903CR00095, 1999 WL 813484 (Tenn. Crim. App. at Knoxville, Oct. 5, 1999).   Petitioner's argument that his sentence is excessive must also fail.  As proof of this claim, petitioner points to the jury charge which stated that the sentence for aggravated assault was 2 years to 10 years imprisonment, yet he received two consecutive life sentences.  This issue, however, was addressed by this court on direct appeal.  As the court explained, the petitioner was sentenced as a "dangerous offender," and as such the trial court did not err in sentencing petitioner to 2 consecutive life sentences.  State v. Gary Vernon, No. 82-95-III (Tenn. Crim. App. at Nashville, April 6, 1983).  This issue is not appropriate for habeas corpus relief. Finally, petitioner's claim that he did not commit assault because "the assault must be actual and personal, made with felonious intent and with the present apparent ability to effect the purpose" must also fail, as this court has previously affirmed his convictions.  The petitioner has failed to assert any claim that would show that his convictions are void or that his sentences have expired. Therefore, he is not entitled to habeas corpus relief.

As for the petitioner's complaint that the trial court did not appoint him counsel and

conduct a hearing, the petitioner's failure to state a claim for relief justifies the trial court's actions. Although there is no federal or state constitutional right to the appointment of counsel in habeas corpus proceedings, a trial court has the statutory duty to appoint counsel, "if necessary." *See* John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO (Tenn. Crim. App. at Nashville, June 28, 2002) (citing Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965); Tenn. Code Ann. § 40-14-204)). Appointment of counsel is not "necessary" merely because a petition is filed. Appointment of counsel is "necessary" where the petition alleges facts that would justify relief and the petitioner is deemed indigent. John C. Tomlinson v. State, No. M2001-02152-CCA-R3-CO (citations omitted). See also State ex rel Edmonson v. Henderson, 421 S.w.2d 635, 636-37 (Tenn. 1967), which provides that a habeas corpus petition may be dismissed without a hearing and without the appointment of counsel unless the petition alleges facts that would justify relief and Dixon v. Holland, 70 S.W.3d 33, 36 (Tenn. 2002) which states that when a petition for habeas corpus relief does not demonstrate that the judgment is void, it may be dismissed without a hearing. Appointment of counsel was not necessary in this case because the petitioner did not allege any facts that would justify habeas corpus relief. For the same reasons, a hearing on the petition for habeas corpus relief below was not required. Petitioner's claims in this regard are without merit.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

**JERRY L. SMITH, JUDGE**