# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ALLEN OLIVER v. DAVID MILLS, WARDEN

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6019   Joe H. Walker, III, Judge**

---

**No. W2007-00518-CCA-R3-HC  - Filed August 30, 2007**

---

The Petitioner, Allen Oliver, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to assert a ground that would entitle him to habeas corpus relief.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Allen Oliver, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 2, 2001, the Petitioner entered guilty pleas to eight offenses including one count of attempted first degree murder, one count of especially aggravated burglar*y,* two counts of aggravated assault, one count of aggravated kidnapping, one count of assault, one count of stalking, and one count of harassment. *See Allen Oliver v. State.*, No. W2005-00677-CCA-R3-PC (Tenn. Crim. App., at Jackson, Jan. 5, 2006).  The trial court imposed an effective sentence of twenty-three years. *Id.* No direct appeal was taken.  However, the Petitioner eventually filed a petition for post-conviction

relief, alleging that his guilty pleas were not knowingly and voluntarily entered and that trial counsel was ineffective. The trial court denied post-conviction relief, and this Court affirmed. *Id.*

On December 8, 2005, the Petitioner filed a *pro se* petition for habeas corpus relief in the Lauderdale County Circuit Court. As grounds for relief, the Petitioner alleged that his judgment for attempt to commit first degree murder was void as it is not a valid criminal offense in Tennessee. The Petitioner also asserted that the sentence imposed for his aggravated assault conviction was illegal because it was ordered to be served with one hundred percent release eligibility. On January 3, 2006, the trial court granted habeas corpus relief as to the Petitioner's claim that he was illegally sentenced on his conviction for aggravated assault. The trial court remanded the matter to the Shelby County Criminal Court for the entry of a corrected judgment.

On January 31, 2006, the Petitioner filed a "Motion for Reconsideration," in light of the trial court's failure to address the Petitioner's claim that attempted first degree murder was not a criminal offense in Tennessee. On February 21, 2007, the trial court denied habeas corpus relief on the claim that attempted first degree murder is not a criminal offense in Tennessee. In denying relief, the court noted that the Petitioner had failed to attach the indictment of the challenged attempt to commit first degree murder conviction. The court further noted that, although there is no offense of attempt to commit first degree felony murder, there is an offense for attempted first degree premeditated murder. The court determined that the Petitioner failed to meet his burden to establish his entitlement to habeas corpus relief. The Petitioner timely filed a notice of appeal document.

The State of Tennessee has filed a motion to affirm the judgment of the lower court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. Contemporaneously, the Petitioner has filed a motion requesting the appointment of counsel.

There is no federal or state constitutional right to the appointment of counsel in habeas corpus proceedings, however, a trial court has the statutory duty to appoint counsel, "if necessary." *See John C. Tomlinson v. State*, No. M2001-02152-CCA-R3-CO (Tenn. Crim. App. at Nashville, June 28, 2002) (citing *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); *State ex rel. Hall v. Meadows*, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965); T.C.A. § 40-14-204)). Appointment of counsel is not "necessary" merely because a petition is filed, rather appointment of counsel is "necessary" where the petition alleges facts that would justify relief and the petitioner is deemed indigent. *See McLaney v. Bell*, 59 S.W.3d 90, 94 n.3 (Tenn. 2001) (citing Tenn. Sup. Ct. R. 13, § 1(d)); *John C. Tomlinson v. State*, No. M2001-02152-CCA-R3-CO (citations omitted).

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the

record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). In the present case, the Petitioner, although attaching a copy of the judgment of conviction, failed to include the challenged indictment in the record. *See* T.C.A. § 29-21-107(b)(2). This omission makes meaningful review of this claim impossible. The judgment form reflects a conviction for the offense of attempt to commit first degree murder.[1] While *State v. Kimbrough* nullified the offense of criminal attempt to commit first degree felony, *see* 924 S.W.2d 888 (Tenn. 1996), the offense of criminal attempt to commit first degree murder (premeditated) remains a valid offense in Tennessee.

The Petitioner's sentence has not expired and the trial court was with jurisdiction to enter the judgment against him. For these reasons, the lower court's dismissal of the Petitioner's request for habeas corpus relief was proper as to the judgment for criminal attempt to commit first degree murder.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The Petitioner's motion for appointment of counsel is denied. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.



ALAN E. GLENN, JUDGE

---

[1] It appears that the conviction resulted from the "[P]etitioner's repeated brutal attempts to kill his estranged wife." *See Allen Oliver v. State*, No. W2005-00677-CCA-R3-PC. The transcript of the guilty plea proceeding included as an exhibit in the Petitioner's post-conviction appeal reveals that the Petitioner hid in the attic armed with a knife where he waited for his estranged wife, who was the victim of his eventual attack. *See generally State ex rel. Williamson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964) (court may take judicial notice of its own records); *Bobby James Mosley v. Wayne Brandon, Warden*, No. M2006-02398-CCA-R3-HC (Tenn. Crim. App., at Nashville, Jun. 20, 2007) (judicial notice of cases involving the same party is permissible especially when the relevance of the prior litigation is expressly made an issue in the case on appeal). While neither the record before this Court nor the record from the post-conviction appeal include the challenged indictment, the evidence contained in the guilty plea transcript would support a conviction for criminal attempt to commit first degree premeditated murder.