IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 4, 2008

## STEVEN LAMONT ANDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 06-02-0128    Joseph H. Walker, III, Judge**

_____

**No. W2006-00866-CCA-R3-HC  - Filed March 2, 2009**

_____

Petitioner, Steven Lamont Anderson, appeals the trial court's summary dismissal of his petition for writ of habeas corpus. After a thorough review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, and D. KELLY THOMAS, JR., JJ., joined.

Steven Lamont Anderson, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; and James Pentecost, for the appellee, the State of Tennessee.

**OPINION**

### I. Background

Petitioner was indicted in 1993 for aggravated robbery, especially aggravated robbery, first degree felony murder, and first degree premeditated murder. At the time of the offenses, Petitioner was seventeen years old, and he was transferred by the Juvenile Court to the Shelby County Criminal Court to be tried as an adult. Thereafter, Petitioner entered guilty pleas in 1994 to one count of aggravated robbery, one count of especially aggravated robbery, and one count of second degree murder. Pursuant to the plea agreement, Petitioner was sentenced as a Range I, standard offender, for the robbery convictions, and as a Range III, persistent offender, for the murder conviction. The trial court imposed an effective sentence of fifty years.

In 2004, Petitioner filed his first pro se application for writ of habeas corpus relief, alleging that the judgments of conviction were void because (1) there was not a valid indictment because second degree murder is not a lesser offense of felony murder, (2) the trial court erroneously sentenced Petitioner as a Range III offender, (3) the guilty pleas were not voluntarily entered, and

(4) his due process rights were violated. Steven L. Anderson v. State, No. W2004-00622-CCA-R3-HC, 2005 WL 396378, at *1 (Tenn. Crim. App., at Jackson, Feb. 18, 2005), perm. to appeal denied (Tenn. May 23, 2005). A panel of this Court affirmed the trial court's summary dismissal of the habeas corpus petition. Id., 2005 WL 396378, at *3.

Petitioner filed a second pro se petition for habeas corpus relief, which is the subject of this appeal, alleging that his sentences were in direct contravention of Tennessee Code Annotated section 40-23-101(c) and thus illegal and void. The trial court found that Petitioner had failed to state a ground for which habeas corpus relief is available, and summarily dismissed the habeas corpus petition.

## II. Standard of Review

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. Id. at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. Id. at 256; Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999); Dykes, 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. See Summers, 212 S.W.3d at 260; Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). The determination of whether habeas corpus relief should be granted is a question of law. Summers, 212 S.W.3d at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court. Summers, 212 S.W.3d at 255; State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

III. Analysis

In his appeal, Petitioner initially argues that the trial court failed to follow the proper statutory procedures in processing his habeas corpus petition as set forth in Tennessee Code Annotated sections 29-21-108, et. seq. In this instance, however, the trial court reviewed Petitioner's habeas corpus petition and determined that Petitioner had failed to state a cognizable claim for habeas corpus relief, and that his sentence has neither expired nor is it void. Tennessee Code Annotated

section 29-21-109 provides that "[i]f, from the showing of the petitioner, the [petitioner] would not be entitled to any relief, the writ may be refused" without an evidentiary hearing. See also Summers, 212 S.W.3d at 260. Only if "the petition show[s] a sufficient ground for relief" will the issuance of a writ be allowed thereby triggering the statutory requirements for processing the writ. T.C.A. § 29-21-110; see State v. Antonio Coach, No. W2001-01673-CCA-R3-CD, 2002 WL 1482713, at *1 (Tenn. Crim. App., Mar. 18, 2002), perm. to appeal denied (Tenn. Sept. 9, 2002) (observing that if the trial court refuses a petition for habeas corpus relief, "a hearing on the petition is precluded thereby obviating any response from the State").

Petitioner also argues that the trial court erred in not appointing counsel to assist him with his habeas corpus petition. There is no federal or state constitutional right to counsel in a habeas corpus proceeding. Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965). "Appointment of counsel in a state habeas corpus proceeding is within the trial court's discretion." Summers, 212 S.W.3d at 260 -261 (citing T.C.A. § 40-14-204). Thus, "an indigent petitioner does not have a right to appointed counsel in a habeas corpus action except to the extent that appointment of counsel is found to be 'necessary' within the meaning of Tennessee Code Annotated section 40-14-204." Id. at 261. If a petition for writ of habeas corpus does not allege any ground upon which relief may be granted, the petition may be summarily dismissed without the appointment of counsel. Id.

Accordingly, we turn to Petitioner's claims that his sentences are illegal and void. Petitioner contends that the trial court failed to give him pre-trial jail credits for the time he was detained at the juvenile center prior to his transfer to the Shelby County Criminal Court to be tried as an adult. Petitioner has attached copies of a petition filed in juvenile court dated December 10, 1992, charging Petitioner with delinquent acts, and the juvenile court's order of transfer dated December 23, 1992, to support his allegation that the sentencing court failed to give him all of the pre-trial credit to which he was entitled.

Petitioner alleges that his judgments of conviction are in direct contravention of Tennessee Code Annotated section 40-23-101(c) which provides that:

> [t]he trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial.

Petitioner relies on State v. Richard Daniel Filauro, No. M2002-02186-CCA-R3-CD, 2004 WL 840084 (Tenn. Crim. App., at Nashville, Apr. 16, 2004) in support of his position. In Richard Daniel Filauro, the defendant entered pleas of guilty to two counts of rape of a child. The negotiated plea agreement stipulated that the defendant would not receive pre-trial jail credit for the eighteen months he spent in jail before agreeing to plead guilty. Id., 2004 WL 840084, at *1. The defendant

was sentenced as a Range I, standard offender, to two concurrent sentences of twenty-five years. The defendant subsequently sought to withdraw his pleas of guilty, which motion was denied by the trial court. In his direct appeal, the defendant argued, among other issues, that the trial court was without jurisdiction to accept his pleas because pre-trial jail credits cannot be waived. Id. 2004 WL 840084, at *4.

The Richard Daniel Filauro panel concluded that the statutory grant of pre-trial jail credit is mandatory and "'leaves no room for discretion.'" Id., 2004 WL 840084, at *5 (quoting Stubbs v. State, 393 S.W.2d 150, 154 (Tenn. 1965)). Thus, the panel concluded that the sentences purporting to waive pre-trial jail credits were in direct contravention of Tennessee Code Annotated section 40-23-101(c) and thus illegal. Id.

The challenge to the denial of pre-trial jail credits in Richard Daniel Filauro, however, is distinguishable from the case sub judice. In Richard Daniel Filauro, the defendant was required to waive pre-trial jail credits in order to enter into a plea agreement, thereby placing the resulting agreed upon sentence in direct contravention to the statute governing the mandatory grant of such credits. In the instant case, Petitioner was not required to waive any applicable pre-trial jail credits as part of his negotiated plea agreement. The face of Petitioner's judgments of conviction reflect that Petitioner was granted pre-trial jail credits for the period from December 23, 1992, through January 20, 1994, but for only 367 days (the actual number of days for that time period is 394 days). A writ of habeas corpus will issue only when a convicting court was without jurisdiction or authority to sentence a defendant or when a defendant's term of imprisonment has expired. Summers, 212 S.W.3d at 255; Taylor v. Morgan, 909 S.W.2d 17, 19 (Tenn. Crim. App. 1995). The writ reaches jurisdictional error only, or in other words, void, not voidable, judgments. Archer, 851 S.W.2d at 163-64. Petitioner's claim that the trial court improperly calculated the pre-trial jail credits to reflect his time spent in the juvenile court detention center, even if proven, would render the judgments voidable rather than void, and is, therefore, not a claim that is cognizable in a habeas corpus proceeding. See Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); Nicholas Coleman v. State, No. E2006-01105-CCA-R3-HC, 2007 WL 3245418, at *1 (Tenn. Crim. App., at Knoxville, Nov. 5, 2007), no perm. to appeal filed; Eric Carter v. Turner, No. W2006-01114-CCA-R3-HC, 2007 WL 494969, at *1 (Tenn. Crim. App., at Jackson, Feb. 16, 2007), perm. to appeal denied (Tenn. June 25, 2007); Andre L. Mayfield v. State, No. E2005-02154-CCA-R3-HC, 2006 WL 3313637, at *2 (Tenn. Crim. App., at Knoxville, Nov. 15, 2006), no perm. to appeal filed.

To the extent, therefore, that Petitioner was denied a portion of his pre-trial jail credit by mistake of calculation or by oversight, the proper avenue for relief regarding the application of pretrial jail credit is through the Uniform Administrative Procedures Act, Tennessee Code Annotated sections 4-5-101 to -325. Steven Christopher Hixon, alias v. State, No. E2007-00221-CCA-R3-CD, 2007 WL 4439700, at *1 (Tenn. Crim. App., at Knoxville, Dec. 19, 2007), no perm. to appeal filed.

Petitioner argues for the first time on appeal that his transfer to the Shelby County criminal court for prosecution as an adult twice put him in jeopardy for the charged offenses. Petitioner contends that prior to his transfer, the juvenile court conducted an adjudicatory hearing at the

conclusion of which the juvenile court found him to be delinquent. Petitioner submits that his subsequent trial in the state criminal court system for the same offenses violated double jeopardy principles. See Breed v. Jones, 421 U.S. 519, 95 S. Ct. 1779 44 L. Ed. 2d 346 (1975) (concluding that a prosecution of a youth as an adult in state court, after a juvenile court adjudicatory and dispositional hearing in which the youth was found to have violated a state criminal statute is barred by double jeopardy).

We note initially that issues which were not presented to the habeas court will not be considered for the first time on appeal. See State v. Turner, 919 S.W.2d 346, 356 (Tenn. Crim. App. 1995) (observing that issues not raised or litigated in the trial court are waived). Therefore, these issues are deemed waived.

Waiver notwithstanding, however, Petitioner's double jeopardy challenge does not establish a cognizable ground for habeas corpus relief even if his claim is true. An allegation of double jeopardy does not render a conviction void, but merely voidable after satisfaction of an evidentiary burden which would require the introduction of extrinsic evidence and appropriate findings. See Archer, 851 S.W.2d at 163; see also Ralph Phillip Claypole, Jr. v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App., at Nashville, May 16, 2001), no perm. to appeal filed; William A. Ransom v. State, No. 01C01-9410-CR-00361, 1995 WL 555064 (Tenn. Crim. App., at Nashville, Sept. 20, 1995), perm. to appeal denied (Tenn. Feb. 5, 1996). Thus, Petitioner is not entitled to habeas corpus relief on this ground.

**CONCLUSION**

After a thorough review, we conclude that Petitioner has failed to establish any grounds that would entitle him to habeas corpus relief, and that the trial court accordingly did not err in summarily dismissing the petition for writ of habeas corpus relief.

_____
THOMAS T. WOODALL, JUDGE

-5-