IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville November 2, 2010

## MARK ALAN DEAKINS v. STATE OF TENNESSEE

**Appeal from the Lauderdale County Circuit Court**
**No. 6360      Joe H. Walker, III, Judge**

**No. W2010-00020-CCA-R3-HC   -   Filed March 11, 2011**

The Petitioner, Mark Alan Deakins, appeals pro se the Lauderdale County Circuit Court's summary dismissal of his petition for habeas corpus relief from his conviction for especially aggravated sexual exploitation of a minor, a Class B felony. The Petitioner contends that the trial court erred by finding that the judgment was not void and by dismissing his petition without an evidentiary hearing and without appointment of counsel. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Mark Alan Deakins, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; D. Michael Dunavant, District Attorney General; and Rachel E. Willis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner pled guilty on July 8, 2002, in the Hamilton County Criminal Court to especially aggravated sexual exploitation of a minor, sexual exploitation of a minor, and statutory rape. He was sentenced as a Range I, standard offender to eight years' supervised probation for especially aggravated sexual exploitation, two years' supervised probation for sexual exploitation, and one year of incarceration, served at the time of his conviction, for statutory rape. The two sentences of supervised probation were to be served concurrent with each other and consecutive to the one-year sentence of incarceration, for an effective nine-year sentence.

The Petitioner filed a petition for post-conviction relief, which was denied by the trial court. On appeal, this court affirmed the denial of post-conviction relief. See Mark Alan Deakins v. State, No. E2004-01803-CCA-R3-PC, Hamilton County (Tenn. Crim. App. Feb. 8, 2005) ("Deakins I"). On May 14, 2008, a probation violation warrant was issued for the Petitioner's eight-year aggravated sexual exploitation of a minor conviction, which was his only remaining unexpired conviction. See State v. Mark Alan Deakins, No. E2008-02761-CCA-R3-CD, Hamilton County, slip op. at 2 (Tenn. Crim. App. Oct. 27, 2009) ("Deakins II"). On December 12, 2008, the trial court revoked the Petitioner's probation. On appeal, this court affirmed the probation revocation. See id., slip op. at 10-11.

The Petitioner filed a petition for writ of habeas corpus and a motion for appointment of counsel with the Lauderdale County Circuit Court on November 10, 2009, while he was incarcerated in the Tennessee Department of Correction in Lauderdale County. In denying both the petition and the motion, the trial court noted that the Petitioner had been denied post-conviction relief previously and stated:

> Petitioner alleges that he was unconstitutionally convicted; he alleges that law enforcement obtained information off his computer of the criminal acts and the statutes were amended or passed afterwards regarding certain computer crimes. He alleges that the search was unconstitutional, and other similar allegations.
>
> . . .
>
> Petitioner has failed to establish that his sentence has expired. The Criminal Court has jurisdiction or authority to sentence a defendant to the sentence he received. Habeas corpus relief is not appropriate.

On appeal, the Petitioner contends that the trial court erred by finding he had no right to habeas corpus relief and dismissing his petition because the court based its denial on the dismissal of the post-conviction claim and because the convicting trial court did not have subject matter jurisdiction due to a void judgment. The State contends that the Petitioner has alleged no facts that would justify relief because he waived constitutional claims when he pled guilty and because the judgment was not void. We agree with the State.

The determination of whether habeas corpus relief should be granted is a question of law, which we review de novo on appeal. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). Habeas corpus relief will be granted when the petitioner can show that a judgment is void,

not merely voidable.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  In Tennessee, habeas corpus relief is available only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that his sentence has expired.  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).  The burden is on the petitioner to establish that the judgment is void or that the sentence has expired.  State ex rel. Byrd v. Bomar, 381 S.W.2d 290, 291-92 (Tenn. 1964).  The trial court may summarily dismiss a petition for writ of habeas corpus relief when the petitioner does not state a cognizable claim.  Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

The Petitioner's various arguments center on his claim that the State violated constitutional ex post facto prohibitions when it charged him under the Tennessee Protection of Children Against Sexual Exploitation Act (PCSEA).  See U.S. Const., art. I, § 10, cl. 1; Tenn. Const. art. 1, § 11; T.C.A. §§ 39-17-1001 to -1007.  The Petitioner was convicted pursuant to section 1005(a) of the PCSEA, which provides:

> (a) It is unlawful for any person to knowingly promote, employ, use, assist, transport, or permit a minor to participate in the performance of, or the production of, acts or material that includes the minor engaging in:
>
> (1) Sexual activity; or
>
> (2) Simulated sexual activity that is patently offensive.

T.C.A. § 39-17-1005(a) (Supp. 2000) (amended 2005).  Between the dates of the Petitioner's arrest and conviction, the state legislature amended the definition of "material" to include "[a]ny text or image stored on a computer hard drive, a computer disk of any type, or any other medium designed to store information for later retrieval."  See id. at -1002(2)(C) (Supp. 2000) (amended 2002, 2005).

The "material" in this case consisted of digital photographs seized from the Petitioner's computer, digital camera, and several computer disks.  See Deakins I, slip op. at 1.  The digital photographs showed two minor boys engaged in sexual activity with each other and one of the boys engaged in sexual activity with the Petitioner.  See id.  The Petitioner's ex post facto argument is that the materials seized were not illegal under the version of the statute applicable at the time of his offense.  Alternatively, he challenges the constitutionality of the statute on the basis that if the definition of "material" needed to be clarified, the statute was void for vagueness in its original form.

The Petitioner raised the ex post facto issue in his petition for post-conviction relief by claiming that he received ineffective assistance of counsel when his trial counsel did not challenge the constitutionality of the PCSEA. See id., slip op. at 4. In affirming the trial court's denial of post-conviction relief, this court stated:

> Although the petitioner's brief raises several issues regarding his claim that he received the ineffective assistance of counsel and that his guilty plea was not knowing and voluntary, his argument is centered mainly around the constitutionality of the PCSEA. However, we need not reach the question of the constitutionality of the Act in this case. From the testimony at the post-conviction hearing, it is evident that the petitioner was well aware of the constitutional issues surrounding his case. His attorneys testified that they discussed these issues with him. The evidence shows that the State made three offers to the petitioner. In the first offer, the State allowed the petitioner to reserve certified questions of law regarding the Act. The petitioner's first attorney testified that the petitioner decided to accept that offer but fled Tennessee before his guilty plea hearing. In the second offer, the State again allowed the petitioner to plead guilty and reserve a certified question of law regarding the constitutionality of the statute. However, the petitioner declined that offer. In the State's third and final offer, it allowed the petitioner to plead guilty and receive an effective eleven-year sentence[1] to be served as a year in confinement and the remainder of the sentence on probation. With time already served, the petitioner would be released from confinement. However, the State refused to allow the petitioner to reserve a certified question of law. The petitioner's fourth attorney testified that the petitioner probably "agonized" over whether the accept the state's offer because the petitioner believed the Act was unconstitutional. Nevertheless, the petitioner testified that he accepted the offer because he wanted to get out of jail. We conclude that the petitioner was well aware of the issues surrounding the constitutionality of the Act and made a conscious decision to accept the State's offer. He has failed to

---

[1]The record shows that the effective sentence was actually nine years. See Deakins II, slip op. at 1.

show that his attorneys' performance was deficient or that he was prejudiced by any deficiency.

Id., slip op. at 5.

The Petitioner argues that the trial court erred by basing its dismissal of his habeas corpus petition on this court's denial of his post-conviction appeal because this court's holding addressed ineffective assistance of counsel, rather than the constitutional issue. In Summers v. State, our supreme court contrasted post-conviction proceedings, which "may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights," to habeas corpus procedures, which are for the narrow purpose of challenging a void judgment. 212 S.W.3d 251, 261 (Tenn. 2007). The Petitioner's vehicle for challenging the constitutionality of his indictment was the post-conviction proceeding, and he did so by contending that trial counsel were ineffective for not raising the issue of the amended statute. See Deakins I, slip op. at 4.

The Petitioner argues that he did not waive constitutional issues by pleading guilty because his plea was not voluntary. He claims the trial court failed to explain the consequences of violating probation at the guilty plea proceedings. Voluntariness of the guilty plea is not relevant to a habeas corpus proceeding. Summers, 212 S.W.3d at 259. We conclude that the Petitioner's claim regarding the constitutionality of the statute was previously decided on post-conviction appeal and is not appropriate for habeas corpus relief. See Luther E. Fowler v. Howard Carlton, Warden, No. E2004-01346-CCA-R3-HC, Johnson County, slip op. at 7 (Tenn. Crim. App. Mar. 21, 2005) ("A petition for habeas corpus relief is not a default proceeding when the apt procedures are not utilized for the purpose of raising the constitutional issue.").

The Petitioner also argues that his guilty plea does not preclude him from challenging the validity of the indictment on the ground that it did not contain an essential element of the crime. In a repackaging of his constitutional claim, the Petitioner argues that because the version of the statute under which he was indicted did not include items stored on a computer hard drive or disks as "material," an essential element of his offense was missing from the indictment. The State responds that the indictment was sufficient to vest jurisdiction in the trial court. We agree with the State.

A valid indictment is an essential jurisdictional element and may be examined in a habeas corpus proceeding to determine whether a judgment is void. Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); see also State v. Smith, 996 S.W.2d 845, 846-47 (Tenn. Crim. App. 1999). Tennessee Code Annotated section 40-13-202 (2010) provides:

-5-

The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment.

Our supreme court has concluded that an indictment will be deemed valid so long as it provides sufficient information to enable the defendant to know the accusation to defend, to furnish the trial court an adequate basis for entry of a proper judgment, and to protect the defendant from double jeopardy. See State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). It also has stated that "indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." State v. Hammonds, 30 S.W.3d 294, 300 (Tenn. 2000). To this end, "specific reference to a statute within the indictment may be sufficient to place the accused on notice of the charged offense." State v. Sledge, 15 S.W.3d 93, 95 (Tenn. 2000).

The indictment charged the Petitioner as follows:

That Mark A. Deakins heretofore on or before August 4, 1998, in the County aforesaid, did unlawfully and knowingly promote, employ, use, assist, transport or permit a minor to participate in the performance or in the production of material which includes the minor engaging in sexual activity, in violation of Tennessee Code Annotated 39-17-1005, against the peace and dignity of the State.

The indictment describes the offense in sufficient detail that the Petitioner knew he must defend himself against an accusation that he involved a minor in the production of material that showed the minor engaged in sexual activity. The indictment gives the date the material was seized and the county in which it was seized. The indictment refers to the charging statute, and the Petitioner, through his first appointed attorney, filed a motion for dismissal and argued that the definition of material in effect at the time of his offense did not include the evidence seized from his possession. We conclude that the indictment placed the Petitioner on notice of the charged offense and is not void.

The Petitioner argues that he has been unfairly prejudiced by trial counsel's failure to attach the guilty plea hearing transcript and motions filed in the trial court to his post-conviction appellate record, by the trial court's denial of his request for appointed counsel for his habeas corpus petition, and by his inability as an inmate to access records of his guilty

plea hearing and trial court motions for attachment to the record on this appeal. In affirming the denial of the Petitioner's post-conviction appeal, this court noted that the guilty plea hearing transcript and motions were not in the record but based its review on the balance of the record, including the transcript of the post-conviction hearing, at which the Petitioner and his first three appointed attorneys testified. See Deakins I, slip op. at 1, 5.

On post-conviction appeal, the burden of preparing a record that conveyed a fair, accurate, and complete account rested with the Petitioner. See T.R.A.P. 24(b); State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). After filing a notice of appeal of his habeas corpus dismissal, the Petitioner filed a "Motion for Leave of Court of Criminal Appeals to Relinquish Jurisdiction to the Convicting Trial Court and Order the Annexation of the Complete Record of all [Proceedings] of the Convicting Court." This court denied the motion by written order on May 4, 2010, noting that this court's "jurisdiction is appellate only and is limited to the review of final judgments of inferior courts" and that this court "may not consider evidence not considered by the lower court." See T.R.A.P. 3(c).

The Petitioner also filed a motion for appointment of counsel with this court, which was denied by written order on May 4, 2010. This court stated:

> Although there is no federal or state constitutional right to the appointment of counsel in habeas corpus proceedings, a trial court has the statutory duty to appoint counsel, "if necessary." See Preston U. Pendergrass v. Kevin Myers, No. M2004-00463-CCA-R3-HC (Tenn. Crim. App. at Nashville, Mar. 1, 2005) (citing Coleman v. Thompson, 501 U.S. 722, 755, 111 S. Ct. 2546 (1991); State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 260 (1965)); see also T.C.A. § 40-14-204. Appointment of counsel is not "necessary," either in the trial court or on appeal, merely because a petition is filed, rather appointment of counsel is "necessary" where the petition alleges facts that would justify relief and the petitioner is deemed indigent. See Preston U. Pendergrass v. Kevin Myers, No. M2004-00463-CCA-R3-HC (citations omitted).

In his reply brief, the Petitioner lists three additional claims to support his contention that the judgment is void: (1) that the evidence used to convict him was obtained with an illegal search warrant, (2) that his sentence has expired, and (3) that the indictment charging him with sexual exploitation of a minor violated the two-year statute of limitations for prosecuting a Class E felony pursuant to Tennessee Code Annotated section 40-2-101(b)(4) (Supp. 2000) (amended 2006, 2007). We note that the State had no opportunity to respond

to these claims, but we will address them briefly. See T.R.A.P. 27(c) (allowing an appellee to file a response to the appellant's reply brief only when the appellee is seeking relief).

First, regarding the search warrant, habeas corpus relief is not available for this claim because a finding that the search warrant violated constitutional search and seizure prohibitions would render the judgment voidable, not void. See Archer, 851 S.W.2d at 160 n.2, 164. Second, regarding the Petitioner's claim that his sentence is expired, the revocation of his probation on December 12, 2008, reinstated his sentence "in full force and effect from the date of the revocation of such suspension," rendering his sentence in effect for eight years beyond the revocation. Deakins II, slip op. at 10; see T.C.A. § 40-35-310 (Supp. 2000) (amended 2009).

Finally, regarding the Petitioner's claim that the indictment was not filed within the statute of limitations, the judgment orders the Petitioner's sentence for sexual exploitation of a minor to be served concurrently with his sentence for the conviction at issue in this appeal. Before his probation revocation, the Petitioner completed his two-year sentence for the lesser felony. We conclude that the Petitioner's sentence for sexual exploitation of a minor has expired and that he is precluded from challenging the judgment for that conviction in this proceeding because he is no longer in the custody of the State for that offense. See Hickman v. State, 153 S.W.3d 16, 23 (Tenn. 2004) (holding that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment itself imposes a restraint upon the petitioner's freedom of action or movement"); Deakins II, slip op. at 2 n.1.

We hold that the Petitioner has not stated a cognizable claim for habeas corpus relief and that the trial court did not err by summarily dismissing his petition without a hearing and without appointment of counsel. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE