ELLIOTT JOHNSON, Petitioner, v. LAKE F.
RUSSELL, Warden Tennessee State Penitentiary,
Nashville, Tennessee, Respondent.
—469 S.W.2d 511.

January 21, 1971.

Certiorari Denied by Supreme Court June 7, 1971.

L. L. Harrell, Jr., Trenton, for petitioner.

David M. Pack, Attorney General, Thomas E. Fox, Deputy Attorney General, Nashville, William R. Kinton, Jr., District Attorney General, Trenton, for respondent.

DWYER, J.   After an evidentiary hearing Elliott Johnson appeals the trial court's judgment in dismissing his petition for post conviction relief.

Johnson is presently incarcerated in the penitentiary serving a fifty-year term for committing the offense of rape.

The record reflects motions and petitions as amended filed by Johnson attacking his judgment of conviction. We see no purpose in a detailed outlining of the various filing dates of the petitions and motions in order to properly evaluate the contentions as made upon which the trial court pronounced judgment in dismissing his contentions.

He first contends that he should be discharged from custody because of an unreasonable delay in being granted a hearing on his petition for writ of habeas corpus. The trial court ultimately considered the petitions as amended under the Post Conviction Procedure Act. In its order dismissing the petitions as amended the trial court, in a finding of fact, found the delay was predicated upon the difficulty in finding a judge in the district who was competent to hear the petitions under T.C.A. sec. 40-3804. The court further found the delay not to be unreasonable within the ambit of T.C.A. sec. 40-3809. The contention is accordingly overruled. See State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256.

He next contends that the trial court had him removed to the penitentiary and therefore handicapped his right of appeal. His court-appointed counsels both testified that their efforts in appealing petitioner's conviction were not hampered by his removal to the penitentiary after his motion for a new trial had been overruled. The trial court under the mandate of T.C.A. sec. 40-3108

may order such removal. He again has not carried the requisite burden here to show that the evidence preponderated against the findings of the trial court. See State ex rel. Hall v. Meadows, *supra*. The contention is overruled.

■ He next contends that his court-appointed counsel was ineffective because (1) he had no say in who would represent him; and, (2) they were paid by the State. The trial court found as fact both attorneys were competent and excellent representation was provided for the defendant. The petitioner himself acknowledges they vigorously fought for his interest. We know of no ruling, Federal or State, which has gone so far as to allow petitioner's insistence that he have a voice in selecting court-appointed counsel of his choice. We are aware that the stipend allowed for the services rendered are usually wholly inadequate compensation for the services rendered. We are satisfied that if petitioner had to pay for the services of counsel who represented him the amount would have been considerably more than what they received. The petitioner has failed to carry the burden as required by State ex rel. Hall v. Meadows, *supra*. The contention is overruled.

■ He next contends that he was not provided with counsel in accordance with T.C.A. secs. 40-2001, 40-2002 and 40-2003. The trial court found as fact counsel was appointed for petitioner at all critical stages of the prosecution. Petitioner acknowledges having counsel prior to the preliminary hearing. The petitioner has again failed to carry the requisite burden in this court. See State ex rel. Hall v. Meadows, *supra*. The contention is overruled.

■ He next contends his statement was coerced. This contention assigned as error in the appeal of his conviction was found to be without merit in an opinion by Presiding Judge Mark A. Walker released November 6, 1968 at Jackson. It has therefore been previously determined. See T.C.A. sec. 40-3812. The contention is accordingly overruled.

■ He next contends he was arrested without a warrant. The trial court found petitioner had been arrested and then released after being taken to the prosecutrix's home where he was not identified and released. The arrest, as such, would not vitiate his conviction. See Harris v. State, 206 Tenn. 276, 332 S.W.2d 675. The contention is accordingly overruled.

■ The petitioner next contends that there was a systematic exclusion of Negroes from the jury. He offered no proof in support of this allegation and the trial court found as fact no such exclusion. The proof developed that Negroes were on the venire called to hear petitioner's case. He has again failed to carry the requisite burden. See State ex rel. Hall v. Meadows, *supra.* The contention is accordingly overruled.

■ He next contends that his conviction is void because medical proof was not offered to support the prosecutrix's testimony that she had been raped. We know of no law which commands that the offense of rape cannot be proved in the absence of medical corroboration. He further alludes that the medical testimony was suppressed by the State. The attorneys for petitioner both felt that it would be damaging to their cause to probe the

medical aspect of the testimony thereby repudiating petitioner's contention. He has again failed to carry the requisite burden. See State ex rel. Hall v. Meadows, *supra*. The contention is overruled.

His contention that the circumstances of petitioner being taken to the prosecutrix's home the night of the crime and wearing a bandana voided his conviction is without merit in view of the record failing to disclose he was identified or suffered any prejudice thereby. The record reflects he was released from custody the same day. He has again failed to carry the requisite burden. See State ex rel. Hall v. Meadows, *supra*. The contention is overruled.

He next contends the testimony of the prosecutrix was perjured in that her testimony as to identification was materially different at the trial from that at the preliminary hearing. This contention has been resolved by the verdict of the jury. The contention is accordingly overruled.

He next contends that the law under which he was tried is void for failure of the Legislature to reapportion itself. This contention is without merit. See State ex rel. Fralix v. Bomar, 214 Tenn. 516, 381 S.W.2d 297. The contention is accordingly overruled.

He lastly contends that the corpus delicti was not proven and therefore his conviction is void. Habeas corpus and post conviction proceedings are not to test the sufficiency or insufficiency of the evidence. See Fernandez v. Klinger, 346 F.2d 210 (9th Cir. 1965), cert. den. 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152.

All contentions being evaluated and found without merit the judgment of the trial court in dismissing petitioner's petition is affirmed.

We express appreciation to court-appointed counsel for the forthright representation of petitioner as found in this record.

Russell, and O'Brien, JJ., concur.