**Gene RUDD, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Dec. 30, 1974.

Certiorari Denied by Supreme
Court Sept. 8, 1975.

William S. Zwick, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Tom Jennings, Asst. Atty. Gen., Nashville, for defendant in error.

## OPINION

OLIVER, Judge.

From the judgment of the Criminal Court of Knox County dismissing without an evidentiary hearing his petition filed under this State's Post-Conviction Procedure Act, where he was represented by appointed counsel as he is here, the petitioner Rudd has perfected an appeal to this Court.

In his present petition he assails his original conviction upon the ground that "at arraigment [sic] day" he pleaded guilty without an attorney and the court did not advise him that he was entitled to have counsel at that time.

This record shows that in a prior post-conviction petition Rudd made essentially the same charges, alleging inadequacy of his trial counsel and that his guilty pleas were not voluntary. In dismissing that petition after review of the entire trial transcript, the trial court found that he was represented in his trial by two competent and able appointed attorneys, expressed complete satisfaction with the services rendered by his counsel, stated no one had forced him or promised him anything and he was pleading guilty because he believed this was the best thing for him to do, and that his guilty pleas were knowingly and voluntarily entered. The petitioner did not appeal from the judgment of dismissal of that former petition entered on 14 May 1973, although he was represented in that proceeding by appointed counsel.

■ The contention that his guilty pleas were involuntary having thus been finally adjudicated adversely to his claims, he was precluded from undertaking to raise and relitigate the same question in his present petition. TCA §§ 40–3811 and 40–3812; *Myers v. State*, 3 Tenn.Cr.App. 414, 462 S.W.2d 265. Although the petitioner's former post-conviction petition was dismissed

without a formal evidentiary hearing, as noted the trial judge reviewed and considered the trial transcript including the court's careful interrogation of the petitioner concerning his trial counsel and his guilty pleas. By that thoroughgoing review and consideration of the trial transcript of the petitioner's original trial, which the court was entitled to notice judicially and consider, *Myers v. State*, supra; *State ex rel. Newsom v. Henderson*, 221 Tenn. 24, 424 S.W.2d 186, we are of opinion that in those circumstances the trial judge conducted a sufficiently "full and fair hearing" on the question raised in the prior petition. TCA § 40–3812.

■ Likewise unmeritorious are the petitioner's allegations that he did not receive a copy of the list of jurors nor a copy of his indictments prior to trial. With respect to the list of prospective jurors, TCA § 40–2505 provides:

"The defendant is entitled to a list of the jurors summoned, to be furnished him a reasonable time before the formation of a jury is commenced."

To begin with, Rudd does not even claim that either he or his trial counsel asked for and was denied a copy of the list of jurors summoned for that term of court, nor does he make any claim that lack of the list deprived him of a fair and impartial jury. In the case of *Charlie Brown v. State*, unreported opinion of the Tennessee Supreme Court filed at Knoxville March 5, 1964, and in *State ex rel. Eugene Williamson v. Henderson*, unpublished opinion filed at Knoxville August 9, 1967, and in *State ex rel. Leonard Scruggs v. Henderson*, filed at Knoxville September 18, 1967, the Tennessee Supreme Court rejected the same contention. In each of those cases the Court cited *Cooley v. State*, 174 Tenn. 168, 124 S.W.2d 250. And in each of those cases the Court found that the defendant suffered no prejudice to his constitutional right to a fair and impartial trial by the fact that he did not receive a copy of the jury list before trial. And the Court held in the *Scruggs*

case, supra, that the right to a copy of the venire is waived by going to trial without request therefor, as the Court had held in *State ex rel. Callahan v. Henderson*, 220 Tenn. 417, 417 S.W.2d 789.

We turn now to the petitioner's allegation that he was not furnished a copy of his indictments. Again, he does not allege that either he or his counsel requested and was refused a copy of the indictments, provided for by TCA § 40–2008. Where a defendant does not demand a copy of the indictment, a waiver thereof is implied. *State ex rel. Lawrence v. Henderson*, 1 Tenn.Cr.App. 199, 433 S.W.2d 96; *Cogdell v. State*, 193 Tenn. 261, 246 S.W.2d 5.

Moreover, the law is settled in this State that when the defendant makes no request for a jury list or a copy of the indictment, the question of his right thereto cannot be raised collaterally thereafter by habeas corpus. *State ex rel. Callahan v. Henderson*, supra.

Affirmed.

DWYER and RUSSELL, JJ., concur.