IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 16, 2005

## ANTHONY D. FORSTER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1181     Seth Norman, Judge**

---

**No. M2004-00452-CCA-R3-PC - Filed June 24, 2005**

---

The petitioner, Anthony D. Forster, appeals the summary dismissal of his petition for post-conviction relief. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

Anthony D. Forster, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was convicted of especially aggravated robbery and the trial court imposed a sentence of twenty-two years. This court affirmed on direct appeal. See State v. Anthony D. Forster, M2002-00008-CCA-R3-CD (Tenn. Crim. App., at Nashville, Apr. 1, 2003). The petitioner's application for permission to appeal to our supreme court was denied on October 13, 2003. The petitioner filed a timely petition for post-conviction relief, alleging that his waiver of the right to counsel was not valid. The post-conviction court summarily dismissed the petition, ruling that the issue had been previously determined by this court on direct appeal.

The petitioner's conviction relates to the robbery of an Arby's restaurant in Nashville on June 18, 1997. Teresa Obispado, an Arby's employee, testified that the offense occurred between 9:30 and 9:40 a.m. She recalled that the perpetrator, a black male more than six feet tall and weighing more than two hundred pounds, walked from the back door to the cash registers with the manager, who had blood on her face. Ms. Obispado stated that the perpetrator directed the manager to lie on the floor. She identified the petitioner as the perpetrator first from a photographic lineup and later at trial.

Betty Kidwell, another Arby's employee, testified that she heard a commotion in the manager's office and saw a large black male in the office. When the manager and the perpetrator walked toward the front of the restaurant, Ms. Kidwell ran out the back door, where she saw another man standing outside. The same man later got into a blue car being driven by the perpetrator. She was unable to identify the perpetrator from a photographic lineup but did write down the license number of the blue car. She recalled that after the incident, the manager had a cut on her cheekbone.

Metro Police Officer James Michael Chastain discovered that the license tag number was registered to a blue, four-door, 1984 Subaru belonging to the petitioner. After two of the Arby's employees identified the petitioner from a photographic lineup, Officer Chastain arrested the petitioner at his apartment. The petitioner provided police a videotaped statement, wherein he admitted his participation in the robbery.

Sandra Christian, who was working as a training manager at the Arby's on the day of the offense, identified the petitioner as the perpetrator, who had gained access to the restaurant through the back door. She recalled that the petitioner approached her from behind, put his arm around her, and ordered her to open the safe. Ms. Christian stated that the petitioner grabbed a portable telephone and struck her on the cheek, took loose change and bills from the safe, and then ordered her to the front of the store. According to Ms. Christian, the petitioner took the money from both cash registers and then ordered her to lie on the floor. She suffered a black eye and an open wound to the side of her face.

In this appeal, the petitioner contends that the post-conviction court erred by summarily dismissing his petition for post-conviction relief. He asserts that the issue presented, whether his waiver of the right to counsel was voluntary, was not previously determined.

Under the Post-Conviction Procedure Act, a claim which has been previously determined cannot be a basis for post-conviction relief. See Tenn. Code Ann. § 40-30-106(h) (2003). Tennessee Code Annotated section 40-30-106 provides as follows:

> A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(h).

If the post-conviction court determines that the claims for relief have been previously determined, "the petition shall be dismissed," and "[t]he order of dismissal shall set forth the court's conclusions of law." Tenn. Code Ann. § 40-30-106(f). When a claim has been raised and rejected by this court on direct appeal, it qualifies as having been previously determined. See Harvey v. State, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987); Burt v. State, 2 Tenn. Crim. App. 408, 454

S.W.2d 182, 184 (1970); Morgan v. State, 1 Tenn. Crim. App. 454, 445 S.W.2d 477, 478 (1969); see also State v. Wright, 225 Tenn. 652, 475 S.W.2d 546 (1972); Searles v. State, 582 S.W.2d 391 (Tenn. Crim. App. 1979); Forrest v. State, 535 S.W.2d 166 (Tenn. Crim. App. 1976); Helton v. State, 530 S.W.2d 781 (Tenn. Crim. App. 1975); Rudd v. State, 531 S.W.2d 117 (Tenn. Crim. App. 1974); Gant v. State, 507 S.W.2d 133 (Tenn. Crim. App. 1973); Johnson v. Russell, 4 Tenn. Crim. App. 113, 469 S.W.2d 511 (1971).

On direct appeal, the petitioner challenged the validity of the waiver of his right to be represented by counsel at the sentencing hearing and during the hearing on his motion for a new trial. This court recounted the events leading to the petitioner's decision to proceed pro se:

> [W]e have thoroughly examined the record to determine the path the [petitioner] has taken with his attorneys, eventually leading to his self-representation. Since his arrest, the [petitioner] had the benefit of four appointed attorneys and one privately retained attorney. Prior to trial, the [petitioner] was appointed a public defender who asked to be relieved from his position as trial counsel to the [petitioner]. The trial court granted the public defender's request, and the [petitioner] retained an attorney to represent him at trial. At the conclusion of his trial, the [petitioner's] retained attorney asked to be relieved from representing the [petitioner], and the court granted his motion. The trial court appointed another attorney to represent the [petitioner] at sentencing, but the attorney moved to be relieved as [petitioner's] counsel. The [petitioner] also filed a motion to dismiss his attorney and proceed pro se. The trial court acquiesced, in light of each attorney citing the [petitioner] as uncooperative and argumentative.

Anthony D. Forster, slip op. at 7-8. This court rejected the petitioner's claim that his waiver of the right to counsel was invalid, concluding that "the trial court properly advised the [petitioner] of the perils of self-representation, and the [petitioner] made an intelligent and knowing waiver of his right to counsel." Id. at 8.

This court also rejected the petitioner's claim that the "trial court frustrated his right to appeal" by relieving his counsel shortly before the sentencing hearing:

> [N]othing in the record indicates the [petitioner's] right to appeal has been frustrated by the actions of the trial court. If any actions have delayed or frustrated the [petitioner's] right to appeal, the [petitioner's] own actions have resulted in any delay. . . . [T]he [petitioner] has fallen out of favor with all of his attorneys and has demanded that he act as his own counsel. . . . The record indicates the [petitioner] has been belligerent to the court and to his own counsel. Despite the warnings and advice of the trial court, the [petitioner] chose to represent himself. . . . Therefore, the [petitioner] cannot blame the trial court.

Id. at 10-11.

In his petition for post-conviction relief, the petitioner again asserted that his waiver of the right to counsel was not knowing and voluntary. He contended that the waiver was invalid because he did not sign a written waiver and because the trial court failed to fully apprise him of the consequences of proceeding pro se. While the petitioner asserts in his reply brief that he also presented a claim that his trial counsel was ineffective, the original petition contains no such claim. The validity of the petitioner's waiver of the right to counsel was fully litigated and decided by this court on direct appeal. In consequence, the claim has been previously determined and may not be a basis for post-conviction relief. See Tenn. Code Ann. § 40-30-106(h). Under these circumstances, it is our view that the post-conviction court did not err by summarily dismissing the petition.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-