IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 1, 2017

## CURTIS WREN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 05-03251     Chris Craft, Judge

_____

No. W2017-00500-CCA-R3-PC

_____

Petitioner, Curtis Wren, filed a petition for post-conviction relief and a motion to correct an illegal sentence. The post-conviction court summarily dismissed the pleading, finding that the petition for post-conviction relief was untimely, that the petition failed to allege a sufficient factual basis for a motion to reopen prior post-conviction proceedings, and that the petition failed to state a colorable claim of an illegal sentence. On appeal, Petitioner only challenges the dismissal of his petition for post-conviction relief. Upon our review of the record, we determine that this is Petitioner's second such petition and that dismissal was proper on that ground. Thus, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Curtis L. Wren, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Karen Cook, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Nearly ten years ago, Petitioner was convicted of attempted especially aggravated kidnapping, two counts of aggravated robbery, and intentionally evading arrest in a motor vehicle. He received a total effective sentence of 30 years. No direct appeal was filed.

Thereafter, Petitioner filed a petition for post-conviction relief. The record presently before this Court contains a copy of the order dismissing the petition filed on March 31, 2009, but does not contain a copy of the petition itself. The order states that after consideration of "the petition, the State's Motion to Dismiss, and the entire record," the petition was dismissed for "fail[ure] to contain clear and specific statements of all grounds upon which relief is sought, including a full statement of the factual basis underlying these grounds." No appeal from this order was filed.

Petitioner subsequently filed a petition for habeas corpus relief, challenging his mental competency to stand trial, the effectiveness of counsel, and the voluntariness of his guilty pleas. *Curtis L. Wren v. David Osborne, Warden*, No. E2012-00072-CCA-R3-HC, 2012 WL 3201906, at *1 (Tenn. Crim. App. Aug. 8, 2012) (memorandum opinion), *no perm. app. filed*. This Court affirmed the dismissal of the habeas corpus petition pursuant to Rule 20 of the Court of Criminal Appeals. *Id*. at *2.

The present petition, styled "Petition for Post-Conviction Relief and/or Motion Pursuant to Tenn. R. Crim. P. 36.1 to Correct Illegal Sentence," was filed on January 30, 2017. Petitioner alleged that he was entitled to post-conviction relief because he was not mentally competent at the time he entered his guilty pleas; because his trial counsel improperly advised him that he could be subject to a life sentence if he did not plead guilty, even though, according to Petitioner, there is a new constitutional rule that prohibits an intellectually disabled person from being subject to a life sentence; and because his trial counsel should have argued that the two aggravated robbery convictions violated the prohibition against double jeopardy. Petitioner also alleged that the statute of limitations should be tolled due to his mental incompetence and because there was a new rule of constitutional law. Further, citing the statute for a motion to reopen post-conviction proceedings, Petitioner claimed that he possessed "new scientific evidence" of his intellectual disability, attaching to his pleading copies of a petition for the appointment of a conservator and a report of a guardian ad litem that were filed in 2013 with regard to administering medications to Petitioner while in the Department of Correction's custody. As for his claim under Rule 36.1, Petitioner claimed without further elaboration that he received "an illegal sentence in direct contravention of T.C.A. [§] 40-35-501," which addresses parole release eligibility. Additionally, Petitioner elaborates on his claim that his dual convictions for aggravated robbery violate double jeopardy principles as a basis for his claim of an illegal sentence.

On February 2, 2017, the post-conviction court summarily dismissed the petition for post-conviction relief, finding that it was filed well outside of the one-year statute of limitations. Treating the petition as a motion to reopen, the court found that Petitioner had not satisfied any of the statutory grounds to reopen his previous post-conviction proceedings. Finally, the court found that Petitioner failed to state a colorable claim that his sentences were illegal under Rule 36.1. Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner challenges only the dismissal of his petition for post-conviction relief, abandoning his claim of an illegal sentence under Rule 36.1. *See Ronnie Jackson, Jr. v. State*, No. W2008-02280-CCA-R3-PC, 2009 WL 3430151, at *6 n.2 (Tenn. Crim. App. Oct. 26, 2009) (determining claims raised in the trial court but not raised on appeal are deemed abandoned), *perm. app. denied* (Tenn. Apr. 16, 2010). Petitioner argues that the post-conviction court erred in summarily dismissing his petition. The State responds that summary dismissal was proper because Petitioner may not file a second petition for post-conviction relief, the petition was untimely, and Petitioner failed to assert any ground justifying either tolling the statute of limitations or reopening his prior post-conviction proceedings. We agree with the State.

The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." T.C.A. § 40-30-102(c). The Act directs that a judge shall summarily dismiss "any second or subsequent petition" if it is determined that "a prior petition has been filed which was resolved on the merits." *Id.*; *see also* T.C.A. § 40-30-106(b). While "those petitions not resolved 'on their merits' are not subject to dismissal," *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998), a lower court's thorough review and consideration of the trial transcript constitutes "a sufficiently 'full and fair hearing' on the question raised in the prior petition," making dismissal of a second petition appropriate, *Rudd v. State*, 531 S.W.2d 117, 118 (Tenn. Crim. App. 1974). In this case, the first petition for post-conviction relief was dismissed without an evidentiary hearing on March 31, 2009; however, the order specifically states that it was dismissed after a review of "the petition, the State's Motion to Dismiss, and the entire record." Thus, even though the post-conviction court below did not rely upon this ground, summary dismissal of the present petition, Petitioner's second, was not only appropriate but mandatory.

The proper procedure to bring new post-conviction claims is through a motion to reopen post-conviction proceedings. *See* T.C.A. § 40-30-102(c); -117. However, such a remedy is only available on very narrow grounds: (1) the claim is based upon a new, retroactively applicable rule of constitutional law and is filed within one year of the court decision establishing that right; (2) the claim is based upon new scientific evidence of the petitioner's actual innocence; or (3) the claim challenges a sentence that was enhanced by a prior conviction that has since been overturned. T.C.A. § 40-30-117(a)(1)-(3). The petitioner must assert a sufficient factual basis for his claim that, if taken as true, would establish that he is entitled to relief. T.C.A. § 40-30-117(a)(4), (b). The post-conviction court, construing Petitioner's pleading as liberally as possible, analyzed the petition as a

motion to reopen post-conviction proceedings and determined that Petitioner had not established a sufficient basis to reopen under either subsection (a)(1) or (a)(2).

If we were to likewise treat Petitioner's pleading as a motion to reopen, we would be compelled to dismiss the appeal for lack of jurisdiction. There is no appeal as of right from the denial of a motion to reopen post-conviction proceedings. *See* Tenn. R. App. P. 3(b). To appeal the denial of a motion to reopen, a petitioner is required to file an application for permission to appeal in this Court. T.C.A. § 40-30-117(c); Tenn. Sup. Ct. R. 28 § 10(b). Petitioner initiated this appeal by filing a notice of appeal in the post-conviction court "pursuant to Tennessee Rules of Appellate Procedure Rule 4(a)." Petitioner's notice of appeal did not contain "sufficient substance that it may be effectively treated as an application for permission to appeal." *Graham v. State*, 90 S.W.3d 687, 691 (Tenn. 2002). Even though Petitioner's appellate brief was initially titled "Application for Permission to Appeal," he scratched out this caption and handwrote the word "Brief." Moreover, in his appellate brief, Petitioner never referred to the procedures to appeal a motion to reopen or even argued that he was entitled to relief under a motion to reopen other than one brief reference to his "new scientific evidence." Because Petitioner failed to follow the statutory requirements to appeal the denial of a motion to reopen post-conviction proceedings, this Court would be deprived of jurisdiction to entertain such a matter. *See Timothy Roberson v. State*, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at \*9 (Tenn. Crim. App. Nov. 7, 2007) (citing *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC, 2000 WL 303432, at \*1 (Tenn. Crim. App. Mar. 23, 2000), *perm. app. denied* (Tenn. Oct. 16, 2000)), *perm. app. denied* (Tenn. Apr. 14, 2008).

Even if we had jurisdiction to consider Petitioner's motion to reopen post-conviction proceedings, he has not alleged any facts that, if taken as true, would entitle him to relief. *See* T.C.A. § 40-30-117(a). Petitioner claims that there is a new rule of constitutional law regarding "the right of a[n] intellectually disabled individual whose guilty plea was induced by the erroneous belief based upon [counsel's] advice that the Petitioner was subject to a life sentence." However, Petitioner cites no authority for the proposition that an intellectually disabled person is prohibited from receiving a life sentence.[1] Instead, Petitioner cites several United States Supreme Court cases that are well-over forty years old that address the procedures for determining the competency of

---

[1] We also note that Petitioner was never subject to a life sentence for the offenses with which he was charged. *See* T.C.A. §§ 39-13-402(b) (classifying aggravated robbery as a Class B felony); 39-13-305(b)(1) (classifying especially aggravated kidnapping as a Class A felony); 39-12-107(a) (classifying criminal attempt as one classification lower than the offense attempted); 40-35-111(b)(2) (stating that a Class B felony is punishable by "not less than eight (8) nor more than thirty (30) years"). Moreover, Tennessee Code Annotated section 39-13-203, which prohibits an intellectually disabled person convicted of first degree murder from receiving the death penalty, specifically allows such individuals to receive sentences of life and life without the possibility of parole.

an individual to stand trial. *See Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966); *Dusky v. United States*, 362 U.S. 402 (1960); *Bishop v. United States*, 350 U.S. 961 (1956). Not only do these cases not support Petitioner's claim, they certainly do not constitute a new rule of constitutional law that did not exist at the time of Petitioner's guilty plea. *See* T.C.A. § 40-30-117(a)(1). Additionally, Petitioner's claim of "new scientific evidence" specifically refers to evidence of his intellectual disability, presumably referring to the 2013 documents regarding the appointment of a conservator. Petitioner has not alleged any new scientific evidence of his actual innocence of the offenses. *See* T.C.A. § 40-30-117(a)(2); *Keen v. State*, 398 S.W.3d 594, 613 (Tenn. 2012) ("Intellectual disability does not equate to actual innocence."). Thus, the post-conviction court's summary dismissal of Petitioner's pleading as a motion to reopen was also appropriate.

## *Conclusion*

We shall belabor the obvious no longer. Based on the forgoing, we affirm the judgment of the post-conviction court, though on the alternate ground as stated herein.

_____

TIMOTHY L. EASTER, JUDGE