IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 3, 2017 Session

**ANDRE BENSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 09-05910        Glenn Ivy Wright, Judge**

————————————————————

**No. W2016-02346-CCA-R3-PC**

————————————————————

The Petitioner, Andre Benson, was convicted of aggravated robbery after a jury trial and was sentenced to serve fifteen years in prison. The Petitioner filed a timely post-conviction petition, and the post-conviction court denied the petition without a hearing for failure to state a colorable claim. The Petitioner then filed a second petition, raising a claim of ineffective assistance of counsel. The post-conviction court held a hearing on the second petition, which it proceeded to deny. On appeal, the Petitioner contends that he received the ineffective assistance of his counsel at trial and that, as a result, he is entitled to post-conviction relief. The State counters that the post-conviction court lacked jurisdiction to hear a second post-conviction petition when a prior petition was decided on the merits. Alternatively, the State argues that the petition was without merit and that the denial should be affirmed. We conclude that the post-conviction court was required by statute to dismiss the second or subsequent petition, and we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Patrick E. Stegall, Memphis, Tennessee, for the appellant, Andre Benson.

Herbert H. Slatery III, Attorney General and Reporter; James E. Gaylord, Senior Counsel; Amy P. Weirich, District Attorney General; and Austin Scofield, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL AND PROCEDURAL HISTORY**

The Petitioner was charged with aggravated robbery and especially aggravated kidnapping, and he was convicted as charged after a jury trial. *State v. Andre Benson*, No. W2011-02566-CCA-R3-CD, 2013 WL 3991820, at *1 (Tenn. Crim. App. Aug. 2, 2013) *perm. app. denied* (Tenn. Dec. 11, 2013). The victim of the crimes identified the Petitioner as the perpetrator at a preliminary hearing, but she suffered from progressive dementia. *Id.* Accordingly, prior to trial, the trial court held a competency hearing in which the victim's doctor, Dr. Robert Burns, testified that in his medical opinion, the victim was competent to testify at the time of the preliminary hearing but no longer competent to testify in court. *Id.* at *1-2. Trial counsel objected to the admission of the victim's prior testimony but did not object to the admission of Dr. Burns's testimony despite the fact that he was never qualified as an expert by the trial court. *Id.* at *2, 9.

On direct appeal, this court affirmed the aggravated robbery conviction. *Id.* at *1. In doing so, this court concluded that the Petitioner waived any claim that the failure to qualify Dr. Burns as an expert mandated the exclusion of his testimony. *Id.* at *8-9. This court reversed the conviction for especially aggravated kidnapping because the trial court failed to give an instruction pursuant to *State v. White*, 362 S.W.3d 559 (Tenn. 2012).[1] *Andre Benson*, 2013 WL 3991820, at *12.

The Petitioner filed a post-conviction petition on September 25, 2014. The post-conviction court denied the petition on October 30, 2014, for failure "to state a colorable claim that has not been previously determined to be without merit." In its order, the post-conviction court noted that "[t]he only issue that could be determined by a post[-]conviction evidentiary hearing would be the actual declaring of Dr. Burns as an expert based on his credentials," and that "[t]here is nothing new for any jury to determine that has not already been litigated both at trial and on appeal."

The Petitioner then filed a second post-conviction petition on December 4, 2014, still within the statutory limitations period. This petition reflects that, in addition to claims that were previously litigated or waived, the Petitioner raised a claim that trial counsel was ineffective in failing to object to the use of Dr. Burns's testimony. The petition averred that the Petitioner had not filed a prior petition for post-conviction relief.

---

[1] According to the post-conviction court, the Petitioner subsequently pled guilty to attempted especially aggravated kidnapping on February 27, 2014. The petition does not raise a challenge to the subsequent guilty plea.

- 2 -

The Petitioner did not file a timely appeal from the denial of his first petition. Instead, on January 27, 2015, he filed a motion requesting permission to file a late notice of appeal. This court entered an order directing the Petitioner to supplement the record with "any information regarding his convictions and … the post-conviction court's order denying his petition." On February 19, 2015, the Petitioner filed additional material with this court, including what appears to be a copy of his second petition for post-conviction relief, with a certificate of service dated December 4, 2014. The Petitioner ultimately supplemented the record with the post-conviction court's order denying relief and a hand-written document that appears to be his original petition for relief. This document makes no claims regarding ineffective assistance of counsel. On March 25, 2015, this court denied the motion to accept a late-filed notice of appeal related to the first petition. This court concluded that the Petitioner was seeking relief under the theories that "(1) the victim's absence at a competency hearing and at trial violated his federal and state constitutional rights and (2) the trial court erred in failing to qualify the State's expert witness and in failing to provide an instruction to the jury regarding the expert witness." Having determined that all issues raised were either waived or previously determined, this court declined to waive the timely filing of the notice of appeal.

Meanwhile, the second petition proceeded to march forward under a different judge. The Petitioner was appointed counsel, who filed an amended petition on July 21, 2015. The State subsequently conceded that the Petitioner was entitled to a hearing on his claim of ineffective assistance of counsel. On July 7, 2016, the post-conviction court held a hearing. Because trial counsel was deceased at the time of the hearing, post-conviction counsel presented only the testimony of Dr. Burns, who testified regarding his academic qualifications, his nearly thirty years of practice in geriatric medicine, and his prior court appearances, in which he was qualified as an expert approximately six to ten times in civil proceedings and one to two times in criminal cases.

The post-conviction court denied relief, finding that while "trial counsel arguably should have objected" to the failure to qualify Dr. Burns as an expert, the failure to object did not rise to deficiency; the post-conviction court also found that the Petitioner could not show prejudice because any objection would have led to the "inevitable certification" of Dr. Burns as an expert witness. The Petitioner appeals.

## ANALYSIS

On appeal, the State contends that the post-conviction court lacked jurisdiction to consider a second petition. The State argues that once an initial petition had been dismissed on the merits, the trial court has no jurisdiction to entertain a subsequent petition, and that consequently neither the trial court nor this court have jurisdiction over the case. The State reasons that the dismissal of the first petition for failure to state a

colorable claim was an adjudication on the merits and that the trial court was required by statute to dismiss a subsequent petition. In the alternative, the State argues that the petition lacked merit and that the post-conviction court correctly denied it. The Petitioner contends that the first dismissal was not an adjudication on the merits and that he was entitled to bring a second petition within the limitations period.

## I. Appellate Jurisdiction

The State asserts that this appeal must be dismissed because the post-conviction court had no jurisdiction over a second petition for post-conviction relief. The State also urges this court to determine "whether it in fact has jurisdiction in this case." Whether this court has subject matter jurisdiction over a case is a question of law reviewed de novo with no presumption of correctness. *Morgan Keegan & Co. v. Smythe*, 401 S.W.3d 595, 602 (Tenn. 2013).

We first observe that this court's appellate jurisdiction under Rule 3(b) of the Tennessee Rules of Appellate Procedure extends to "a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding." Tennessee Code Annotated section 40-30-116 also provides that "[t]he order granting or denying relief under this part shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals." Likewise, Tennessee Code Annotated section 16-5-108(a)(2) provides that this court may review final judgments in post-conviction actions. Moreover, this court has routinely reviewed dismissal of a second or subsequent post-conviction petition. *See, e.g., Jack Layne Benson v. State*, No. M2012-02041-CCA-R3-PC, 2013 WL 4772996, at *5 (Tenn. Crim. App. Sept. 6, 2013) ("Because his prior petition was resolved on the merits by a court of competent jurisdiction, summary dismissal of the second petition was appropriate."); *Maria Maclin v. State*, No. W2010-00123-CCA-R3-PC, 2011 WL 890935, at *3 (Tenn. Crim. App. Mar. 15, 2011) ("We agree with the State that the Petitioner's first post-conviction petition was resolved on its merits and that the lower court acted properly in summarily dismissing her second post[-]conviction petition on that basis."); *Bobby Lee Jeffries v. State*, No. W2008-00948-CCA-R3-PC, 2008 WL 4170263, at *1 (Tenn. Crim. App. Sept. 8, 2008) (affirming dismissal on the sole ground that "the post-conviction court properly dismissed the petition because the petitioner has previously filed numerous petitions for post-conviction relief"). We conclude that we have the jurisdiction to review the post-conviction court's final judgment in this post-conviction matter.

## II. Second or Subsequent Petition

The State contends that the petition should have been dismissed because the record demonstrates that it was the Petitioner's second petition for post-conviction relief. The

State argues that the dismissal of the first petition was a ruling on the merits barring the filing of a subsequent petition. The State also contends that the use of the word "shall" in mandating dismissal evinces a legislative intent to remove the case from the trial court's jurisdiction. The Petitioner argues that the dismissal of his first petition did not constitute a ruling on the merits, and that he was consequently entitled to file a second petition. He contends that his petition was denied in error.

Issues of statutory construction present questions of law that this court reviews de novo without a presumption of correctness. *State v. Edmonsond*, 231 S.W.3d 925, 927 (Tenn. 2007). This court should give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope. *State v. Sherman*, 266 S.W.3d 395, 401 (Tenn. 2008). When construing a statute,

> we focus initially on the statute's words, giving these words their natural and ordinary meaning in light of their statutory context. We avoid any forced or subtle construction that would limit or extend the meaning of the language. Every word in a statute is presumed to have meaning and purpose. If the statutory language is clear and unambiguous, we apply the statute's plain language in its normal and accepted use. We need look no further than the statute itself, enforcing it just as it is written.

*Morgan Keegan & Co.*, 401 S.W.3d at 602 (quoting *Keen v. State*, 398 S.W.3d 594, 610 (Tenn. 2012)). "Like any legislation, the [Post-Conviction Procedure] Act is to be construed in *pari materia* to achieve its intended purposes." *Laney v. State*, 826 S.W.2d 117, 118 (Tenn. 1992) (quoting *Swanson v. State*, 749 S.W.2d 731, 733 (Tenn. 1988)).

### A. Prior Dismissal as Ruling on the Merits

The State argues that the dismissal of the first petition for failure to state a colorable claim was a decision on the merits precluding the filing of a second petition. In support, the State cites to the statutory language mandating dismissal for failure to state a colorable claim. The Petitioner responds that the dismissal was not on the merits and that there was no bar to the post-conviction court considering his second petition so long as it was not filed outside the limitations period.

The Post-Conviction Procedure Act allows for relief when a conviction or sentence is void or voidable due to the violation of a constitutional right. T.C.A. § 40-30-103. When filing for post-conviction relief, a petitioner must include "allegations of fact supporting each claim for relief" and explaining why the ground was not raised in any earlier proceeding. T.C.A. § 40-30-104(e). When faced with a petition for post-conviction relief, the post-conviction court is directed to examine the allegations of fact

contained in the petition. T.C.A. § 40-30-106(a). "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." T.C.A. § 40-30-106(f).

In the Petitioner's case, the post-conviction court dismissed his first petition pursuant to this provision, concluding that the petition did not allege any colorable claims and that all issues raised were either waived or previously determined. A colorable claim is a claim that, "if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004) (quoting Tenn. Sup. Ct. R. 28, § 2(H)). A post-conviction court may also dismiss the petition later in the process but still prior to a hearing, after reviewing the petition, the State's response, and the records and files associated with the petition, on the basis that a petitioner is conclusively not entitled to relief. T.C.A. § 40-30-109(a).

"[I]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." *Matthew Dixon v. State*, No. W2015-00130-CCA-R3-PC, 2015 WL 6166604, at *4 (Tenn. Crim. App. Oct. 21, 2015) *no perm. app. filed*. Conversely, "a petitioner may file a successive petition if the first petition has not been resolved on the merits." *Shelley Denise Blair v. State*, No. M2014-02506-CCA-R3-PC, 2015 WL 9257167, at *4 (Tenn. Crim. App. Dec. 17, 2015) *no perm. app. filed*. A dismissal with prejudice is a "final judgment" and any grounds raised are previously determined, while grounds that could have been raised are waived. *State v. Ralph Eddie Wishon*, No. 94, 1991 WL 76390, at *3 (Tenn. Crim. App. May 14, 1991).

In *Blair v. State*, the petitioner alleged various grounds for post-conviction relief, and the post-conviction court dismissed the petition without a hearing or appointment of counsel, concluding that the issues were waived, previously determined, or did not assert a ground for relief as a matter of law. 969 S.W.2d 423, 423-24 (Tenn. Crim. App. 1997). This court recognized that the petitioner would only have one opportunity to present his claims to the court and that a pro se petitioner may have a meritorious claim extinguished as a result of the change in the new Act. *Id.* at 425. We nevertheless concluded that "the trial court did not dismiss the petition for lack of form, but considered the merits of the petition and ruled that the issues were either waived, previously determined, or without merit." *Id.*; *see Runako Q. Blair v. State*, No. W1999-01847-CCA-R3-PC, 2000 WL 277138, at *1 (Tenn. Crim. App. Jan. 12, 2000) (concluding, in a subsequent petition, that "[s]ince the petitioner previously filed a petition that was resolved on the merits by the trial court and by this Court on appeal, the petitioner's present petition was properly dismissed").

Likewise, in *Rudd v. State*, a petitioner filed a post-conviction petition which was dismissed when the trial court, having reviewed the trial transcripts but without holding a hearing or appointing counsel, found that the petitioner did not receive ineffective assistance of counsel. 531 S.W.2d 117, 118 (Tenn. Crim. App. 1974). On appeal of a subsequent petition, this court concluded that the trial court had conducted a "full and fair hearing on the question raised in the prior petition," and we accordingly denied relief. *Id.* (citation omitted). The same result was reached in *Curtis Wren v. State*, when the first petition was dismissed for failure to state the grounds for relief or a full statement of the factual basis for the challenge. No. W2017-00500-CCA-R3-PC, 2017 WL 4331054, at *2 (Tenn. Crim. App. Sept. 28, 2017), *perm. app. denied* (Tenn. Dec. 8, 2017). This court concluded that the dismissal of the first petition, which took place after a review of the petition, the State's motion to dismiss, and the entire record, mandated the dismissal of the second. *Id.*; *see Terrance B. Burnett v. State*, No. W2014-00314-CCA-R3-PC, 2014 WL 4697628, at *4 (Tenn. Crim. App. Sept. 22, 2014) (concluding that prior petition, which was dismissed for failure to allege facts which would entitle the petitioner to relief, rendered the issues "previously litigated" and that subsequent petition was properly dismissed under statute barring a second or subsequent petition); *Duane Michael Coleman v. State*, No. M2008-02180-CCA-R3-CD, 2010 WL 2890676, at *2 (Tenn. Crim. App. July 23, 2010) (concluding that second petition should be dismissed when first petition was resolved on the merits and citing *Duane Coleman v. State,* No. M2003-00512-CCA-R3-PC, *order dismissing appeal,* (Tenn. Crim. App. Dec. 29, 2005) (describing trial court's "dismissal" of the first petition and Petitioner's failure to appeal the dismissal)); *Phedrek T. Davis v. State*, No. M2009-01616-CCA-R3-PC, 2010 WL 1947379, at *4 (Tenn. Crim. App. May 14, 2010) (concluding that "the merits of the petition, not the form, … permit its summary dismissal" when petition was dismissed on finding that the issue was previously determined). A case which reaches the opposite conclusion, *Tracy Lynn Harris v. State*, was designated "Not for Citation" by the Tennessee Supreme Court. No. W2011-01578-CCA-R3-PC, 2011 WL 6747474, at *2 n.3 (Tenn. Crim. App. Dec. 21, 2011) (noting that the petitioner's initial petition, which had been dismissed for failure to state a colorable claim, "was not resolved on the merits"), *perm. app. denied, designated "Not for Citation"* (Tenn. Apr. 12, 2012).

Accordingly, we determine that the weight of authority leads to the conclusion that a post-conviction court's dismissal for failure to state a colorable claim is a judgment on the merits.[2]

---

[2] We note that this conclusion is bolstered by a review of analogous provisions, cited by the State, which provide for dismissal when a complaint fails to state a colorable claim and which are treated as decisions on the merits. *See* Tenn. R. Civ. P. 12.02(6) (providing for dismissal when the claim for relief fails to state a claim upon which relief can be granted); *Creech v. Addington*, 281 S.W.3d 363, 378 (Tenn. 2009) (noting that "an order granting a motion to dismiss for failure to state a claim upon which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6) is an adjudication on the merits"); 28

- 7 -

We note also that the Act specifically provides for circumstances in which the filing of a first petition does not preclude a second petition. The statute provides that a petitioner "may withdraw a petition at any time prior to the hearing *without prejudice to any rights to refile*." T.C.A. § 40-30-109(c) (emphasis added) (noting however that such voluntary dismissal does not affect the running of the statute of limitations); *see Williams v. State*, 831 S.W.2d 281, 282 (Tenn. 1992) (concluding that under the prior act, voluntary dismissal of a petition was not an adjudication and that issue was not waived "where a defendant is permitted to withdraw a post-conviction petition before it is heard on the merits"). The inclusion of this language regarding dismissal without prejudice implies that dismissal not pursuant to this subsection is a dismissal with prejudice to the right to refile.

We accordingly conclude that the post-conviction court's dismissal of the first petition for failure to state a colorable claim was a ruling on the merits. The Petitioner did not file a timely notice of appeal, and this court ultimately denied permission to appeal, concluding that the Petitioner's allegations would not in any event entitle him to a new trial. The Petitioner's second petition was accordingly barred under Tennessee Code Annotated section 40-30-102(c), which provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." The mandatory nature of dismissal for a second petition is reiterated in Tennessee Code Annotated section 40-30-106(b), which states that if it plainly appears that "a prior petition was filed attacking the conviction and was resolved on the merits, the judge shall enter an order dismissing the petition." The Petitioner's second petition should have been summarily dismissed pursuant to the mandates of the statute.

## B. Post-Conviction Court's Jurisdiction

In this case, the post-conviction court did not dismiss the second petition, but instead held a hearing on the Petitioner's claims of ineffective assistance of counsel. The State asserts that the post-conviction court had no jurisdiction over the matter and that the proceeding was accordingly a nullity. In support, the State cites to the statutory language mandating dismissal of a second petition. The statute at issue provides that when it "plainly appears from the face of the petition … that a prior petition was filed attacking the conviction and was resolved on the merits, the judge *shall* enter an order dismissing the petition." T.C.A. § 40-30-106(b) (emphasis added). Likewise, "[i]f a prior petition

---

U.S.C.A. § 2254, Rule 4 (providing for dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (concluding that a dismissal pursuant to Rule 4 is a ruling on the merits).

has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition *shall be* summarily dismissed." T.C.A. § 40-30-102(c) (emphasis added).

The same statutory provision notes in subsection (a) that an action filed outside the limitations period "*shall* be barred." T.C.A. § 40-30-102(a) (emphasis added). In addressing the limitations period, however, the Legislature went on to note that the limitations period is "an element of the right to file the action" and that the right to file is extinguished at the end of the limitations period. *Id.* Moreover, the statute then states with specificity: "No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period…." T.C.A. § 40-30-102(b). This clear statement barring jurisdiction based on the limitations period, and the omission of a like statement related to subsequent petitions in the same section, is telling. *See, e.g., S. Cent. Bell Tel. Co. v. Tennessee Pub. Serv. Comm'n*, 675 S.W.2d 718, 719 (Tenn. Ct. App. 1984) (noting that in statutory construction, *inclusio unius est exclusio alterius*).

Moreover, the language regarding mandatory dismissal is also included in other provisions, including those related to dismissal for failure to state a colorable claim. T.C.A. § 40-30-106(d) ("Failure to state a factual basis for the grounds alleged *shall* result in immediate dismissal of the petition." (Emphasis added)); T.C.A. § 40-30-106(f) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition *shall be* dismissed." (Emphasis added)); T.C.A. § 40-30-109(a) ("If, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court *shall* dismiss the petition." (Emphasis added)). This court previously issued a ruling finding a lack of jurisdiction for a second petition, but that ruling rested on additional grounds and was vacated by an order remanding to the trial court. *State v. Marcus L. Branner*, No. E2006-00939-CCA-R3-CD, 2007 WL 1559248, at *1 (Tenn. Crim. App. May 31, 2007) (concluding that courts were "without jurisdiction to consider a second petition, given that statute's specific directive that a petitioner be allowed only one post-conviction petition" and also finding lack of jurisdiction under the limitations period and because there was no final order granting a delayed motion for a new trial or appeal), *order vacating and remanding* (Tenn. Nov. 5, 2007) (concluding that the trial court must clarify record regarding whether a delayed appeal was granted in order to settle jurisdictional questions).

The statute provides that an action may be commenced by filing a petition in "the court in which the conviction occurred." T.C.A. § 40-30-104(a). We conclude that the statutory language mandating dismissal falls short of the clear statement which the State acknowledges is necessary to remove the action from a trial court's jurisdiction. *See Haley v. University of Tennessee-Knoxville*, 188 S.W.3d 518, 522 (Tenn. 2006) (noting

that subject matter jurisdiction is conferred by the constitution and statutes). Accordingly, we conclude that the post-conviction court had jurisdiction to rule on the second petition.

By the plain terms of the statute, however, the post-conviction court was required to dismiss the petition rather than holding a hearing. *Curtis Wren*, 2017 WL 4331054, at *2 ("Thus, even though the post-conviction court below did not rely upon this ground, summary dismissal of the present petition, Petitioner's second, was not only appropriate but mandatory."). Consequently, we conclude that the post-conviction court was required to dismiss the petition, and we affirm the denial of relief. While the State raised the possibility of waiver at oral arguments, we note that the second petition erroneously stated that no prior petitions had been filed, and we likewise note that the Petitioner has never asserted that the State waived its objection to a hearing. The post-conviction court was required to dismiss the petition because the petitioner had previously filed for post-conviction relief.

We observe that, in any event, the post-conviction court found that the Petitioner could not establish prejudice because the qualification of the State's expert was "inevitable." In order to obtain relief under the Post-Conviction Procedure Act, a petitioner must show that his conviction or sentence is void or voidable due to the denial of a constitutional right, including the right to counsel. T.C.A. § 40-30-103; *see Vaughn v. State*, 202 S.W.3d 106, 116 (Tenn. 2006). In order to establish that he received the ineffective assistance of counsel, the petitioner must show both that his lawyer's performance was deficient and that the deficiency resulted in prejudice. *Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008). Prejudice is shown by demonstrating a reasonable probability that, absent the errors, the result of the proceeding would have been different. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009). Because the record supports the post-conviction court's conclusion that the certification of the expert, who had testified as an expert numerous times in civil and criminal trials, was "inevitable," the Petitioner cannot show that the failure to object had any effect on the results of the proceeding.

## CONCLUSION

Based on the foregoing, we affirm judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

- 10 -